(137 App. Div. 304.)

PEOPLE v. SPRINGER.

(Supreme Court, Appellate Division, First Department. March 24, 1910.)

1. LARCENY (§ 43*)—EVIDENCE—ADMISSIBILITY—RETURN OF PROPERTY.

In a prosecution for larceny, evidence that the stolen property was returned to complainant by an unidentified woman, not shown to be connected in any way with defendant, was inadmissible.

[Ed. Note.—For other cases, see Larceny, Dec. Dig. § 43.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CRIMINAL LAW (§ 376*)—EVIDENCE—OTHER OFFENSES.

Evidence that accused, in a conversation with the officer who arrested him, referred to the fact that he had formerly been convicted of crime, was inadmissible, before accused had given evidence of his good character.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 836–839, 841, 843; Dec. Dig. § 376.*]

3. CRIMINAL LAW (§ 1169*)—HARMLESS ERROR—ADMISSION OF EVIDENCE STRUCK OUT.

In a prosecution for larceny, defendant was injured by the admission of objectionable evidence as to the return of the stolen property by a person not connected with him, and as to former conviction of crime, though it was stricken out, and the jury directed to disregard it, particularly as he refrained from testifying in his own behalf, and, though the statute forbids reference thereto, the prosecuting counsel several times covertly alluded to his failure to defend himself.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3137–3143; Dec. Dig. § 1169.*]

Appeal from Court of General Sessions, New York County.

William Springer was convicted of grand larceny in the first degree, and from the judgment, and from orders denying motions for a new trial and in arrest, he appeals. Reversed.

See, also, 118 N. Y. Supp. 1130.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Clark L. Jordan, for appellant.

Robert C. Taylor, for the People.

SCOTT, J. Defendant appeals from a judgment convicting him of the crime of grand larceny. The offense charged in the indictment consisted of stealing a ring and a sum of money from the person of one Schneider in the nighttime. The crime was committed, if at all, on the platform of a street car, and there was evidence to establish the fact of the crime and to connect appellant with it. Evidence was admitted under proper objection that the stolen property was returned to the complainant by an unidentified woman, not shown to be connected in any way with the defendant.

The police officer who arrested appellant was permitted to testify to a conversation between the appellant and himself on the way to the station house, in which the appellant referred to the fact that he had formerly been convicted of crime. This evidence was elicited by the court, after the appellant's counsel had objected, and the district attorney had withdrawn the question objected to, and had indicated his unwillingness to permit the evidence to be given. The defendant had, at this time, given no evidence of good character, and the inadmissibility of the evidence is apparent. Indeed, the learned district attorney does not now defend the admission of the evidence above referred to, but urges that the defendant cannot have been injured, because the court, at a later stage of the trial, and upon reflection, struck the objectionable evidence out of the record and directed the jury to disregard it. It is not always easy for a jury to obliterate from their memories damaging evidence, and in view of the character of the

proof we are by no means satisfied that the verdict may not have been influenced by the incompetent evidence which they had heard.

Particularly is this true because of the conduct of the counsel for the people in his summing up. The defendant, as was his right, had refrained from testifying in his own behalf. Under our statute no reference to this fact can properly be made to his detriment, and yet the record discloses that the prosecuting counsel, in an excess of zeal, more than once indulged in covert allusions to the appellant's failure to defend himself.

On the whole, we are of the opinion that the ends of justice will be· best served if the judgment and orders appealed from be reversed, and a new trial granted; and it is accordingly so ordered. All concur.