COURT OF APPEALS,

Dec. 30, 1913.

# THE PEOPLE v. JOHN H. HARTIGAN.

(210 N. Y. 144.)

PERJURY—TRIAL—UNWARRANTED STATEMENTS OF DISTRICT ATTORNEY IN
SUMMING UP.

On the trial of a patrolman of the police force of New York city
for perjury, the district attorney referred, in summing up, to the
many similar pending cases, to an alleged and so-called police " sys-
tem " which was behind the defendant, and which for years had
been thwarting judges, juries and district attorneys, to the fact
that our institutions were on trial and that the question must be
decided whether the police or the law should rule, which were not
proper in determining simply whether the defendant had committed
perjury, and which if not counteracted might have tended to preju-
dice the jury. No exception was taken by defendant. The court
in charging the jury expressly directed them to disregard all irrele-
vant considerations which had been injected into the, case and to
confine their attention to the single and simple issue whether the
defendant had committed perjury. *Held*, that there was no re-
versible error.

People v. Hartigan, 157 App. Div. 916, affirmed.

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered June
20, 1913, which affirmed a judgment of the court at a Trial
Term rendered upon a verdict convicting the defendant of the
crime of perjury.

The facts, so far as material, are stated in the opinion.

*Alfred J. Talley* and *James A. Donnelly* for appellant.
It was not error to permit the defendant to cross-examine

Captain Walsh for the purpose of testing his credibility and to show the motive which inspired his testimony. (People v. Glennon, 175 N. Y. 45; People v. Wright, 133 App. Div. 133; People ex rel. Phelps v. Oyer & Terminer, 83 N. Y. 436; Potter v. Brown, 197 N. Y. 288.) Defendant's right to a fair trial was flagrantly and persistently violated. He was not convicted upon evidence, for there was no evidence which established his guilt, but the verdict of the jury was reached as the result of the atmosphere of unwarrantable suspicion deliberately created and maintained against him. Surmise, speculation and inference, based upon unverified statements made by the prosecutor, were made to take the place of evidence. (People v. Davey, 179 N. Y. 346; People v. Smith, 162 N. Y. 529; People v. Hinksman, 192 N. Y. 421; People v. Conrow, 200 N. Y. 356; People v. Freeman, 203 N. Y. 267; People v. Ray, 36 App. Div. 389; People v. Fielding, 158 N. Y. 542; People v. Mull, 167 N. Y. 247; People v. Cascone, 185 N. Y. 317; People v. Pettanza, 207 N. Y. 560.)

*Charles S. Whitman, District Attorney (Stanley L. Richter and Robert C. Taylor of counsel)* for respondent. The alleged errors in the opening and summing up of the prosecuting attorney are not properly presented by exception and in any event present no question of law for review. (Dimon v. N. Y. C. & H. R. R. R. Co., 173 N. Y. 356; People v. Smith, 180 N. Y. 125; People v. Conklin, 175 N. Y. 333; People v. Doody, 172 N. Y. 165; People v. Hallen, 48 App. Div. 39; 164 N. Y. 565; People v. O'Connor, 82 App. Div. 55; 175 N. Y. 517; Reehil v. Fraas, 197 N. Y. 64.)

HISCOCK, J.:

The appellant, who was a patrolman in the police force of New

York city, has been convicted of the crime of perjury. The charge against him, which has been found true by the jury, involved the following facts:

One Fox, who was also a member of the police force in said city, had been accused and was to be tried on a charge apparently involving the collection of tribute from one or more disorderly resorts. The expected principal witness against him was one Sipp, but Sipp fled from the jurisdiction of the court and could not be produced as expected and desired by the prosecution. It was then claimed that one Sweeney, who was an inspector of police and liable to be implicated in or as a result of the proceedings against Fox, had induced Sipp thus to flee; and that in the accomplishment of this purpose he had sent the defendant with an envelope containing money to one Walsh, who was a police captain and who also was involved, and which moneys were then further conveyed from Walsh to Fox for the purpose of being employed in getting Sipp out of the way as already stated. Subsequently an attempt was made to procure an indictment of Sweeney for his alleged crime in the respect mentioned, and as one of the links in the chain of evidence it became necessary for the district attorney to show that the defendant had carried the envelope containing money from Sweeney to Walsh as above stated. When the defendant was called before the grand jury he denied that he had acted as such messenger and it is for his alleged perjury in so testifying that he was indicted and now has been convicted.

The judgment of conviction has been unanimously affirmed, and, therefore, we are precluded from considering many questions pertaining to the weight or alleged lack of evidence which are urged upon our consideration. As an introduction, however, to the consideration of other questions which have been argued, it may be stated that the evidence made defendant's

guilt a real and legitimate issue of fact which was peculiarly for the jury, and in the disposition of which uninfluenced by prejudice or passion they could fairly and honestly reach the conclusion which prevailed.

And in like manner the trial was conducted by the justice who presided in a commendably fair and impartial manner. Every objection and application of the defendant's counsel was treated with all of the consideration which it merited and on no portion of the record can there be built up any argument that the defendant's rights were unjustly prejudiced by any harsh, impatient or unwarranted conduct on the part of the presiding justice.

While these specific features might be beyond our review for any purpose of reversal in this case, even if they bore a different complexion, we still feel quite justified in keeping them before our minds in determining whether any of appellant's other complaints which are open to our consideration present any such error as should lead us to reverse the judgment of conviction.   We think they do not present any such error.

The important rulings on the exclusion and admission of evidence were so clearly correct that we deem it unnecessary to discuss them at length.   If some ruling like that excluding evidence of the low amount of bail required from the informer Walsh as indicating that he was receiving consideration from the district attorney for testifying against the defendant might have been otherwise, the evidence still was pretty remote, and moreover the fact sought then to be proved was later disclosed or assumed in the trial.   Notwithstanding his present argument to the contrary counsel was allowed to question Walsh concerning the bestowal of immunity upon him as an inducement to his being a witness, and if the answer to this was not very direct it might have been made more so on the motion of counsel.

Bitter complaint is made because of the alleged transgressions of the assistant district attorney in opening and of the district attorney himself in the summing up of the case, it being asserted that they traveled beyond the evidence which could be or was produced for the purpose of making statements which were inflammatory and calculated to prejudice the jury. Only a single objection was taken to that which was said in the opening which led to an exception and the offense, if any, then complained of was at least not an important one.

In summing up the district atorney, excused in some degree by what defendant's counsel had said in his summing up, did make references to the many similar pending cases, to an alleged and so-called police " system " which was behind the defendant, and which for years had been thwarting judges, juries and district attorneys, to the fact that our institutions were on trial and that the question must be decided whether the police or the law should rule, which were not proper in determining simply whether the defendant had committed perjury, and which if not counteracted might have tended to prejudice the jury. Such conduct, however, does not constitute an error for which this court may reverse, unless presented for consideration by some ruling of the court and exception. There is no such exception. The requests of the defendant's counsel in respect of the statements referred to were passed on by the court in a manner so satisfactory that no exception was taken or request for further rulings made. But beyond this, when afterward the court charged the jury he expressly directed them to disregard all irrelevant considerations which had been injected into the case and to confine their attention to the single and simple issue whether the defendant had committed perjury. His charge was in no sense a summing up of the People's case alone, but an outline of the important evidence on both sides, and it was so fair and impar-

tial that not a single exception to it was taken by the defendant's counsel. Under such circumstances we feel confident that if the jury followed, as we must assume they did, the instructions of the learned judge, they were not misled by any improper considerations which may have been obtruded upon their minds.

While the case is one which naturally excites the sympathy of the court because of the previous good character of the defendant, and because concededly he had no personal end to gain by his offense, we see no reason which would justify us in interfering with the result reached in the trial court, and, therefore, decide that the judgment must be affirmed.

CULLEN, Ch. J., WERNER, CHASE, COLLIN, CUDDEBACK and HOGAN, JJ., concur.

Judgement of conviction affirmed.