Fuld, J.
(concurring). I believe that there should be a reversal not only for the reason given by Chief Judge Desmoíto, but because prejudicial error was committed in connection with the Assistant District Attorney’s examination of one of his witnesses.
Luparelli, termed a “ neighborhood boy ” by the prosecutor, was called by the People as their own witness. The first question which the prosecutor asked brought forth from Luparelli a claim of privilege against self incrimination, and other questions either elicited a refusal to answer on the same ground or were parried with “ I refuse to answer ” or u I don’t remember ’ ’. Despite this, and despite the fact that Luparelli was the People’s own witness, the prosecutor cross-examined him at length, confronted him with former criminal convictions, all of which he acknowledged and, then, on summation, pointedly adverted to his ‘ ‘ disgusting spectacle ’ ’ on the stand. The District Attorney’s tactics must have given the jury the impression that the defendant was somehow or other responsible for this ‘ ‘ neighborhood boy’s ” ‘ ‘ disgusting spectacle ” and, whatever the prosecutor’s purpose may have been, there can be no doubt that his treatment of his own witness, after the latter had made it clear that he would not answer any questions, could only have served to discredit the defense. Such tactics were palpably erroneous and prejudicial (see People v. Minsky, 227 N. Y. 94, 98-100; People v. Minkowits, 220 N. Y. 399, 403), even if the District Attorney did not know, before putting Luparelli on the stand, that he would claim his privilege or refuse to answer questions.
I turn to the other ground for reversal. Some years after he had been indicted, the defendant was surrendered by his lawyer to the authorities in New York County. Under our system of law and justice, an indictment must be followed by *552 arraignment and trial and, in the present case, it is obvious that the defendant’s voluntary surrender was designed to assure him a prompt arraignment, with all of its consequent advantages. The defendant had a right to the effective aid and assistance of the attorney who represented him. The fact that his attorney surrendered him for such arraignment in court could not possibly be regarded as a consent or invitation to secret interrogation by police or prosecutor or a waiver of fundamental rights. It matters not, therefore, that the defendant did not object to being questioned or insist on the presence of his lawyer. The damaging statements made by the defendant during the course of his illegal interrogation by the police and District Attorney should not have been received in evidence.