TREADWELL W. REMSEN and JAMES HANNEGAN, Plaintiffs in Error, v. THE PEOPLE, Defendants in Error.

In a criminal trial, evidence of the good character of a prisoner is of value not only in doubtful cases, but also when the testimony tends very strongly to establish the guilt of the accused. It will, of itself, sometimes create a doubt, when, without it, none would exist.

Accordingly, where the judge charged that good character was a fact to be considered by the jury like every other fact in the case, no matter what the other testimony in the case might be, but when the evidence is positive, leading to a conclusion logically and fairly derived of guilty from all the testimony, the simple fact that a person possesses previous good character will be of no avail.—*Held*, error.

(Argued October 12th, 1870; decided October 18th, 1870.)

ERROR to the Supreme Court at General Term in the first judicial district to review an affirmance of a conviction of the plaintiffs in error for grand larceny in the General Sessions of the city of New York.

The defendants were policemen, tried and convicted of larceny perpetrated upon George W. Wells, in the city of New York, on the 6th of December, 1869.

Evidence was given on the trial strongly tending to show the guilt of the prisoners. On their part, besides other evidence, they showed their own previous good character. The recorder, at the close of the evidence and in reply to a request of the prisoner's counsel to charge, stated, "that good character is a fact to be considered by the jury like every other fact in the case, no matter what the other testimony in the case may be."

He subsequently, in delivering his charge to the jury, gave them the following instructions on the subject of the good character : " They bring evidence of previous good character, and certainly, so far as character is concerned, both these men have shown an exemplary character from childhood up, which has been vouched for by the fathers of the respective men, and by gentlemen who are well known in this community; as has been stated to you by the district

attorney in his summing up, where the evidence is positive, leading you to a conviction, logically and fairly derived, of guilty, from all the testimony, the simple fact that a person possesses previous good character will be of no avail. It is only in cases where you have a well reasoned doubt, a doubt logically arrived at, arising out of all the testimony, that evidence of good character steps in, and then it becomes your duty under your oath to give a verdict in favor of the prisoner; such will be your duty on this occasion, if you have any such doubt arising out of the whole of the testimony." And to this part of the charge the prisoner excepted.

*Sidney H. Stuart*, for the plaintiffs in error, on the question of the effect of good character, cited 2 Russell on Crimes, 785; *People* v. *Lamb* (2 Keyes, 360); *Cancemi* v. *The People* (16 N. Y., 501); *Stevens* v. *The People* (4 Park., 396); *Felix* v. *The State* (18 Ala., 720); *State* v. *Ford* (3 Strothart, 517); Webster's case, 5 Cush., 295; 5 Porter, 382; *Ryan* v. *The People* (19 Abbott Pr. R., 232).

*Samuel B. Garvin*, district attorney, for the defendants in error.

ALLEN, J. I doubt, if the response of the judge to the request of the counsel for the prisoners to charge as stated in respect to the evidence of good character by the accused, can be regarded as a part of the charge and instructions to the jury. It was a transaction between the counsel and the court, and constituted no part of the charge and instructions addressed to the jury. But if otherwise, then it must be read as the jury was bound to receive it, in connection with the other parts of the charge upon the same subject, and as qualified and limited by the instructions subsequently given. By the charge thus read, the jury were told, in substance, that good character was a fact to be considered by the jury like every other fact in the case, no matter what the other testimony in the case might be; but when the evidence is positive, leading to a conviction logically and fairly derived of guilty

from a,l the testimony, the simple fact that a person possesses previous good character will be of no avail; that it is only in cases where the jury have a well reasoned doubt, a doubt logically arrived at, arising out of all the testimony, that evidence of good character steps in, and then it becomes the duty of the jury to give a verdict in favor of the prisoner. This is the entire charge as to the effect to be given to evidence of good character; and it was clearly erroneous and well calculated to mislead the jury to the prejudice of the prisoner.

1. It was delusive to say to the jury that the fact of good character was to be considered in every case, no matter what the other testimony might be, and yet that in a class of cases, by reason of the character of the other evidence, good character would be of no avail; that is, that the jury must exclude from their minds, in the consideration of that class of cases, all evidence as to character. It was in effect saying to them that in such cases evidence of good character was not admissible to affect the result, although permitted to be laid before them.

2. It was error to charge the jury that in any case evidence of good character would be of no avail. There is no case in which the jury may not, in the exercise of a sound judgment, give a prisoner the benefit of a previous good character. No matter how conclusive the other testimony may appear to be, the character of the accused may be such as to create a doubt in the minds of the jury, and lead them to believe, in view of the improbabilities that a person of such character would be guilty of the offence charged, that the other evidence in the case is false, or the witnesses mistaken. An individual accused of crime is entitled to have it left to the jury to form their conclusion upon all the evidence whether he, if his character was previously unblemished, has or has not committed the particular crime alleged against him. (2 Russ. on Crimes, 785.) The weight of the evidence is for the jury alone to determine. (3 Greenl. on Ev., § 25.) Instructions to juries, in substance and character like those

given in this case, are condemned by writers of authority upon evidence and upon common law, who unite in saying that the good character of the party accused is an ingredient which ought always to be submitted to the consideration of the jury. (Russ. on Crimes and Greenl. Ev., *supra ;* Roscoe's Criminal Ev., -89, 90.) It is not submitted to the jury when they are told that it will be of no avail in a given class of cases. The jury had a right to understand that the law- withheld from the accused, in such cases, all benefit of a previous good character as bearing upon the question of guilt or innocence. Evidence of good character is not only of value in doubtful cases, and in prosecutions for minor offences, but is entitled to be considered, when the crime charged is atrocious, and also when the testimony tends very strongly to establish the guilt of the accused. It will sometimes of itself create a doubt when without it none would exist. (*Cancemi* v. *People*, 16 N. Y., 501; *Stevens* v. *People*, 4 Park., 396; *Commonwealth* v. *Webster*, 5 Cush., 295.)

3. It was error to charge the jury that it was only in cases of doubt arising upon the evidence that " evidence of good character steps in." This was but a corollary from and necessary sequence of the former proposition. The judge was instructing the jury upon the effect to be given to one species of evidence, as distinguished from the other evidence supposed to bear more directly upon the question of guilt or innocence of the accused, and the doubt referred to was a doubt arising upon the other evidence submitted to them, and not a doubt arising upon all the evidence, including that of character. The structure of the sentence calls for this interpretation, and will admit of no other. The charge was then to the effect, that if there was a doubt of the guilt of the prisoners upon the other evidence, the jury might give them the benefit of their good character, and acquit. If the offence had not been proved by the prosecution, to the reasonable satisfaction of the jury, they were entitled to an acquittal, without establishing a good character. The benefit of a doubt arising upon the evidence is given to all persons

tried for crime, irrespective of previous character. The presumption of innocence, will, in all such cases turn the scale in favor of the accused. (3 Greenl. Ev., § 29.)

The whole charge read together, upon the subject of character was erroneous, and well excepted to.

The judgment must be reversed and a new trial granted.

CHURCH, Ch. J., FOLGER, RAPALLO and ANDREWS, JJ., concurred with ALLEN, J.

GROVER, J., read an opinion agreeing with the doctrine of the majority as to the effect of good character, but for affirmance, on the ground that the charge, looking at the whole of it, was to be construed as instructing the jury, that good character was to be considered like any other testimony upon the question of guilt, but that previous good character furnishes no defence to a party accused of crime, when his guilt is determined by a consideration of all the evidence; and that the charge so construed was not erroneous. PECKHAM, J., concurred with GROVER, J.

Judgment reversed and new trial ordered.