JESSE LEE v. THE STATE.

1. EVIDENCE OF GOOD CHARACTER.—The court below instructed the jury in substance that, if the facts and circumstances in proof established the defendant's guilt beyond a reasonable doubt, the evidence of his good character was irrelevant and immaterial. *Held,* error.

2. SAME.—Evidence of good character is admissible as relevant to the credi-

bility of the evidence against the accused, and, like any other fact, is to be considered by the jury in determining whether or not his guilt has been established beyond a reasonable doubt. Its competency is not restricted to doubtful cases; and in such cases it is superfluous.

APPEAL from the District Court of Milam. Tried below before the Hon. S. FORD.

The indictment charged theft of quite a number of United States treasury-notes, from the denomination of $100 to that of $500, besides sundry coins, the property of D. D. Fowler.

The verdict was, guilty, with five years in the penitentiary.

*J. H. Kilpatrick* and *A. M. Crockett*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. In this case the following instruction was given by the court in the charge to the jury : " The defendant has introduced, in his defense, evidence of his former character for honesty. You are instructed that, if the guilt of the defendant is, in your opinion, established by the evidence beyond a reasonable doubt, then the evidence of former good character is immaterial and irrelevant. The law does not excuse or justify the commission of crime by those having good or bad character. If, however, there be any portion of the evidence of doubtful import, which will be explained or understood by you by considering the former character of the accused, you may then take his character into consideration as a circumstance, not to the exclusion of, but in connection with, all the other evidence, and you are charged that nothing is in evidence before you except the facts and circumstances that have been detailed before you by the witnesses."

This charge was clearly erroneous. Mr. Greenleaf quotes

with approval the language used by Mr. Justice Patterson in *Rex* v. *Stannard*, 7 C. & P. 673, where he says: "I cannot in principle make any distinction between evidence of facts and evidence of character. The latter is equally laid before the jury as the former, as being relevant to the issue of guilty or not guilty. The object of laying it before the jury is to induce them to believe, from the improbability that a person of good character should have conducted himself as alleged, that there is some mistake or misrepresentation in the evidence on the part of the prosecution, and it is strictly evidence in the case." The same learned author then proceeds to say: "The admissibility of this evidence has sometimes been restricted to *doubtful* cases, but it is conceived that, if the evidence is at all relevant to the issue, it is not for the judge to decide, before the evidence is all exhibited, whether the case is in fact doubtful or not, nor indeed afterwards — the weight of the evidence being a question for the jury alone. His duty seems to be to leave the jury to decide, upon the whole evidence, whether an individual whose character was previously unblemished is or is not guilty of the crime of which he is accused." 3 Greenl. on Ev., sec. 25.

In *Stover* v. *The People*, where a somewhat similar charge to the one we are considering had been given, Grover, J., said: "Good character of the accused is to be considered by the jury, upon the question of the credibility of direct evidence of his guilt, the same as upon proof of circumstances tending to show it, or inferences to be drawn from such circumstances." (Citing *Remson* v. *The People*, 43 N. Y. 6.)     56 N. Y. 315.

And so, in *Harrington* v. *The State*, the supreme court of Ohio say: "The reasonable effect of proof of good character is to raise a presumption that the accused was not likely to have committed the crime with which he is charged. The force of this presumption depends upon the strength of the

opposing evidence to produce conviction of the truth of the charge.  If the evidence establishing the charge is of such a nature as not, upon principles of reason and good sense, to be overcome by the fact of good character, the latter will, of course, be unavailing and immaterial.  But the same will be true of any other fact or circumstance in evidence which, after receiving its due weight, does not alter the conclusion to be drawn from the evidence in the case.  Good character is certainly no excuse for crime; but it is a circumstance bearing directly on the question of the guilt of the accused, which the jury are to consider in ascertaining the truth of the charge.  Hence it has been held, and we think correctly, that it is error for the court, in a criminal case, to charge the jury that ' in a plain case a good character would not help the prisoner; but in a doubtful one he had the right to have it cast into the scales and weighed in his behalf.' "  *The State* v. *Henry*, 5 N. C. 66.

The true rule was said to be " that the testimony is to go to the jury and be considered by them in connection with all the other facts and circumstances, and if they believe the accused to be guilty they must so find, notwithstanding his good character."  *Harrington* v. *The People*, 19 Ohio, 264. And to the same effect is the rule laid down by this court in *Coffee* v. *The State*, 1 Texas Ct. of App. 548.

Instead of the rule being as laid down by the court in the charge we are considering, the very reverse of the proposition therein stated comports more nearly with our view of reason and law.  Where the evidence is most positive and direct, then good character may have some weight in creating a reasonable doubt; but where from the evidence, which is positive and direct, the case is already doubtful, there can be no such necessity for evidence of character, since it is the duty of the judge to charge the jury that in case of a reasonable doubt they must acquit.

For this error in the charge the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*