# THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, v. GEORGE CLEMENTS, APPELLANT.

*Indictment for perjury — the falsity of the facts sworn to by the accused, must be averred therein — evidence of good character — must be considered by the jury in all cases.*

The defendant was convicted of the crime of perjury in willfully swearing, to the best of his knowledge and belief, to the truthfulness of a quarterly report made to the banking department of the State, by the State Bank of Fort Edward, of which bank he was the cashier, which report purported to contain a true statement of the condition of the bank on a certain day therein named. Upon an appeal from the judgment of conviction, it appeared that the indictment did not charge, by direct averments, that the statements made in the report and schedule thereto attached on which the crime of perjury was founded were, or that either of them was, false or untrue; that while it averred, in various forms, that the defendant had knowledge that these statements were false and untrue, it did not directly aver that they were, or that either of them was, in point of fact, false and untrue.

*Held,* that the omission of this allegation was a fatal defect, which required the judgment to be reversed and the defendant to be discharged.

* Decided January 4, 1887.

Upon the trial, evidence was given by the prosecution and by the defendant, tend-
ing to sustain and refute respectively, the charge that the defendant committed
the crime in swearing to the truthfulness of the report. Evidence was also
given showing the defendant to have been of good character in all respects, and
no evidence was given or offered to gainsay this fact. The judge, in his charge
to the jury, said that "such proof is always admissible on a criminal trial, but
it is not a defense. When the crime is sufficiently established it is not entitled
to any influence." After referring to other cases in which evidence of good
character was entitled to great weight, as in those in which it was uncertain
by whom the offense had been committed, he added: "If you become con-
vinced that this report, the subject of this indictment, was false; that defend-
ant, at the time, knew it to be false, then previous good character is of no
avail whatever." On being asked to charge "that evidence of good character
is required to be considered by the jury on the question of guilt," he declined
to charge any differently from what he had already charged.

*Held*, that he erred in so doing. (*Remsen* v. *The People*, 43 N. Y., 6; *Stover* v.
*The People*, 56 N. Y., 315; *People* v. *Moett*, 23 Hun, 60-65, followed.)

APPEAL from a judgment of the court of Oyer and Terminer of
Washington county, convicting the defendant of the crime of per-
jury and sentencing him to State's prison for the term of five years
and six months.

*Hughes & Northup*, for the appellant.

*Edgar Hull*, district attorney, for the respondent.

BOOKES, J.

This is an appeal from a conviction and sentence of the defendant
to the State prison for perjury. The defendant was convicted in
the Washington county oyer of the crime of perjury, in willfully
swearing, to the best of his knowledge and belief, to the truthfulness
of a quarterly report, made by the State Bank of Fort Edward to
the banking department of the State, of which bank he was cashier;
which report purported to contain a true statement of the condition
of the bank on the morning of March 22, 1884.

We are of the opinion that the conviction and judgment in this
case must be reversed. There are several errors, as we think, in the
admission of evidence, and also error in the charge of the learned
judge to the jury, and in his refusal to charge as requested, which
require a reversal, as above indicated.

But in view of our conclusion on the objection to the sufficiency

of the indictment, hereafter considered, we deem it unnecessary to examine these subjects of error. There is one exception, however, going to the charge of the learned judge and to his refusal to charge as requested, that may well be briefly noticed. The charge of perjury was based on an averment that the defendant committed the crime in swearing to the truthfulness of the report, "to the best of his knowledge and belief;" and evidence was given tending to sustain this charge. The defendant put in proof of a countervailing character, which, as was claimed, showed that the report was according to the best of his knowledge and belief; and he was himself examined as a witness in his own behalf, and gave evidence tending to sustain such alleged defense. Further evidence was also given, showing the defendant to have been of good character in all respects; and no evidence was given or offered to gainsay this fact.

On this branch of the case the learned judge charged the jury as follows:

Defendant has offered proof of his previous good character. That kind of proof is always admissible on a criminal trial, but it is not a defense. When the crime is sufficiently established it is not entitled to any influence. There are cases where that kind of testimony ought to have great weight. Take the case of the commission where it was uncertain who the perpetrator was; and circumstances pointed strongly towards one, so that they tended to establish the crime against him, but leaving it somewhat uncertain; in such a case proof of previous good character would weigh strongly, and it has been said, and very properly, that a man who has a clean character has always one standing witness with him. How far that kind of evidence ought to have weight in the determination of this case depends on how you conclude in regard to the act. If you become convinced that this report, the subject of this indictment, was false; that defendant at the time knew it to be false, then previous good character is of no avail whatever.

Touching these remarks, which were in the nature of instructions to the jury, the defendant's counsel requested the judge to charge "that evidence of good character is required to be considered by the jury on the question of guilt before determining the question of guilt." The learned judge replied to this request: "I decline charging any differently from what I have as to that."

To this ruling the defendant entered exception. This instruction, as we think, should have been given, and its refusal was error. The tenor of the charge was to the contrary of this request. It was to the effect that the proof of defendant's good character should not be considered by the jury, if, upon the other proof in the case, they should reach a conclusion that he was guilty. But the defendant's good character was a subject to be taken into consideration by the jury, in determining his guilt or innocence in the first instance.

Were it otherwise, the evidence would go for nothing in the case; and this, too, when the question was whether the defendant had committed perjury in swearing to matters "to the best of his knowledge and belief," the evidence against him being circumstantial to a very considerable extent, if not wholly so, and as to which there was at least some proof of an exculpatory character — a case of all others where good character might and probably would be an important factor bearing upon the question of innocence or guilt. But the question here presented is not an open one. It is settled favorably to the exception on authority. The charge here given is much like that given in *Remson* v. *The People* (43 N. Y., 6). The judge in that case instructed the jury that when the evidence is positive, leading to a conviction, logically and fairly derived, of guilty from all the testimony, the simple fact that a person possesses previous good character will be of no avail; that it is only in cases where the jury have a well-reasoned doubt, a doubt logically arrived at, arising from all the testimony that evidence of good character steps in and takes effect. The court held that such charge was clearly erroneous, and well calculated to mislead the jury to the prejudice of the prisoner, and it was then said that "it was delusive to say to the jury that the fact of good character was to be considered in every case, no matter what the other testimony might be, and yet that in a class of cases, by reason of the character of the other evidence, good character would be of no avail; that is, that the jury must exclude from their minds, in the consideration of that class of cases, all evidence as to character. It was in effect saying to them that in such cases evidence of good character was not admissible to affect the result, although permitted to be laid before them. It was error to charge the jury that in any case evidence of good character would be of no avail. There is no case in which the

jury may not, in the exercise of sound judgment, give a prisoner the benefit of a previous good character. No matter how conclusive the other testimony may appear to be, the character of the accused may be such as to create a doubt in the minds of the jury, and lead them to believe, in view of the improbabilities, that a person of such character would be guilty of the offense charged; that the other evidence in the case is false, or the witnesses mistaken." We extract freely from this case because of the direct application of the argument to this in hand.

To the same effect is the decision in *Stover* v. *The People* (56 N. Y., 315), and in *People* v. *Moett* (23 Hun, 60–65). The conviction and judgment should be reversed because of the error above considered, even if the record disclosed no other ground of error.

But we are of the opinion that there is a radical difficulty in the case, growing out of the insufficiency of the indictment. An objection to the sufficiency of the indictment was raised by demurrer; also at the close of the case on the people's evidence; and also by motion in arrest of judgment after verdict. Passing some other points of alleged insufficiency, we do not find it charged by direct averment that the statements made in the report and schedules thereto attached, on which the crime of perjury is predicated, were, or that either of them was false or untrue. It is averred, and in various forms of averment, that the defendant had knowledge that those statements were false and untrue; but there is no direct averment in the indictment that they were, or that either of them was, in point of fact, false and untrue. An averment that the defendant knew they were untrue is quite different from an averment that they were in fact untrue. The one goes to the fact, the other to knowledge of the fact. The indictment is not framed on the theory that the defendant swore to knowledge and belief without having any knowledge or grounds for his belief, as to the facts sworn to by him; hence, that he was guilty of perjury, whether the facts sworn to by him in the report were or were not true; for it is laid in the indictment that he well knew such facts were false and untrue.

The averment that he well knew that the statements sworn to by him were false does not supply an averment that such statements were untrue, in fact, or obviate its necessity. Both averments were necessary to make the pleading good in this case.

It is laid down in Wharton's American Criminal Law that "the general averment that the defendant swore falsely, etc., upon the whole matter will not be sufficient; the indictment must proceed by particular averments (or, as they are technically termed, by assignments of perjury), to negative that which is false. It is necessary that the indictment should thus expressly contradict the matter falsely sworn to by the defendant." (Sec. 2259.) And, further, that in a case like the present, where the accused swears to his belief, it is necessary to aver that the fact sworn to was otherwise, and that he knew the contrary to what he swore to. (Sec. 2261.) The rule of pleading as here laid down is that both averments are necessary in a case like the present. In the *People* v. *Gates* (13 Wend., 311), where the defendant was indicted for obtaining the signature to a bond and promissory note by false pretenses, the court said: "It is not sufficient merely to state that the defendant did falsely pretend, etc., setting forth the several pretenses; but after stating the false pretenses at large, the pleader must, by averments, falsify each pretense which he intends to rely on at the trial, as he would in an indictment for perjury." In that case the indictment was held insufficient, the court holding that the prosecution must fail: 1. Because the indictment was insufficient; and, 2. If insufficient, then it was unnecessary and improper to receive the evidence of any false pretenses, because none were laid. The Code of Criminal Procedure, section 291, also recognizes the necessity of setting forth in the indictment "proper allegations of the falsity of the matter on which the perjury is assigned." The necessity for such averment arises out of the settled rule that all facts and circumstances necessary to constitute the offense must be specifically stated in the pleading, and that facts not averred cannot be proved, or go for nothing if proved. (*The People* v. *Gates, supra; The People* v. *Miller,* 2 Park. Crim. Rep., 197.)

On principle, and on the authorities above cited, the omission from the indictment of the averment above considered is fatal to it, and the conviction thereunder cannot, therefore, be allowed to stand. Without such averment the record is imperfect, as it fails to show the commission of the offense of which the defendant is convicted. The objection rests on more than a mere technicality;

it goes to the merits of the case as presented on the record. The conviction and judgment must be reversed, and inasmuch as the indictment is insufficient, the defendant must be discharged.

The conviction and judgment should be reversed and defendant discharged.

LEARNED, P. J., and LANDON, J., concurred.

Judgment and conviction reversed and prisoner discharged.