### PEOPLE ° v. BLATT et al.

(Supreme Court, Appellate Division, Second Department. March 4, 1910.)

1. CRIMINAL LAW (§ 561*)—EVIDENCE OF REPUTATION—REASONABLE DOUBT.

    While it is immaterial that accused has a good reputation, if he is proven guilty beyond a reasonable doubt, good reputation raises a presumption of innocence, weighty according to the circumstances of the case, and where there is evidence of good reputation, accused is not proven guilty beyond a reasonable doubt, unless the evidence is so conclusive of guilt as to overcome the improbability that one of good reputation would commit the offense; and hence the jury must consider the evidence of reputation, though they have no doubt of guilt.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1267; Dec. Dig. § 561.*]

2. CRIMINAL LAW (§ 1056*)—APPEAL—PRESENTATION BELOW—EXCEPTIONS—INSTRUCTIONS.

    The evidence being sharply conflicting, the judgment of conviction may be reversed for error in an instruction, though it was not excepted to; Code Cr. Proc. § 527, permitting the Appellate Division to order a new trial, if satisfied that the verdict against accused is against the law or weight of the evidence, or that justice requires it, whether an exception is taken or not.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2668, 2670; Dec. Dig. § 1056.*]

3. CRIMINAL LAW (§ 381*)—WEIGHT OF EVIDENCE—CHARACTER EVIDENCE.

    What weight should be given to evidence of accused's good character is to be decided by the sound judgment of the jury, and not by their fanciful judgment.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 846; Dec. Dig. § 381.*]

Appeal from Trial Term.

Isidor Blatt and another were convicted of third degree burglary and first degree grand larceny, and they appeal. Reversed, and new trial granted.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Thomas Kelby, for appellants.

Peter P. Smith (John F. Clarke, Dist. Atty., and Robert H. Roy, on the brief), for the People

BURR, J. The defendants were convicted of the crime of burglary in the third degree and grand larceny in the first degree, in that on the 2d day of May, 1906, with intent to commit a crime, they broke into the factory building of Frederick Seifter and took therefrom a quantity of furs exceeding in value the sum of $500.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The principal witness called by the people to connect defendants with the crime was Simon Sablinsky. Without his testimony a conviction would have been impossible. He testified that the robbery was planned at his father's house a night or two before it was actually committed; that on the night in question the defendants, with two other men, came to his father's house; that one of them had a horse and wagon. They told him to drive to Seifter's factory, which he did. He was then told to keep watch on the other side of the street, and while he was doing so one of the men unlocked the door leading into the premises, opened the gate onto the driveway, backed the horse and wagon in, and all of the others but one then entered. He and one of the defendants remained outside keeping watch, and in about 15 minutes the others drove out with the furs in the wagon packed in bags. A few days after that he met one of the defendants in New York, and he showed him the skins in the cellar of a house at Nos. 4 and 6 Bleecker street. About two weeks afterwards he was informed by them that the skins had been sent to Detroit, and shortly afterwards he went with the elder one of the defendants to that place, and they then obtained the furs, which were packed in trunks. From Detroit they were sent to Canada, where the witness went to help dress the skins, and at which place he was arrested for complicity in the robbery.

It is conceded that he was an accomplice in the crime, and, this being so, no conviction could be had upon his testimony, unless he was corroborated by such other evidence as tended to connect the defendants with the commission thereof. Code Cr. Proc. § 399. Without stating in detail the corroborating evidence, we think that, while it was slight, there was sufficient to make out a prima facie case. The defendants went upon the stand and denied all connection with the robbery, or that they had ever been in Sablinsky's house or Seifter's factory, or that they had ever had the furs in their possession in Bleecker street or elsewhere, and the elder Blatt denied that he ever went in the company of the principal witness to Detroit. There was some corroborating evidence to the effect that at the time when Sablinsky says that the elder Blatt accompanied him to Detroit the latter was in New York, and that at no time was he away therefrom sufficiently long to permit him to take such a journey.

In view of the sharp conflict of testimony in this case, it was important that the jury should be carefully and accurately instructed with respect to the law applicable thereto. In one very important respect we think that the learned trial court erred. Eleven witnesses were called by the defendants, who gave testimony as to the good character of each of them. In charging the jury the learned trial court said:

"A word on this testimony as to good character. If a man is proven guilty beyond a reasonable doubt, it does not make a particle of difference whether he is a man of good reputation or not. * * * But if in the course of the trial—in this trial, as in any other trial—the testimony should not be sufficient to satisfy you, or if there should be some doubt or hesitation in your minds, even if it does not rise to the importance of a reasonable doubt, it is for you to say then whether he is a man of good reputation. * * * But suppose, in talking over all the evidence, before you reach a conclusion, there should be some hesitation in your minds, you may consider then the question of good reputation. * * * If he is a man of good reputation, and you are

'hesitating in the consideration of the case, the fact that the man is of good reputation and character leads you to ask at once: Would a man of good reputation and character do what these men are charged with doing? That is the way such evidence is of importance, and that is the way good character is of importance. Always consider it, if you are not satisfied beyond a reasonable doubt that a man has committed the crime with which he is charged."

This charge came far short of stating the true rule of law to the benefit of which the defendants were entitled. It is undoubtedly true, as charged in the first instance, that if a man is proven guilty beyond a reasonable doubt it does not make a particle of difference whether he is a man of good reputation or not. But, as has been aptly said, "while good character is not a defense to crime, it may be a defense to a criminal charge." People v. Weiss, 129 App. Div. 671, 114 N. Y. Supp. 236. Good character affords a presumption against the commission of a crime. The influence of this presumption must necessarily vary according to the circumstances of different cases. It may be slight when the accusation of crime is supported by the direct and positive testimony of credible witnesses. In cases where the evidence is strongly contradicted, although preponderating against the defendant, the presumption from good character may be of great weight, and turn the scale, and create that reasonable doubt which will produce an acquittal. People v. Bonier, 179 N. Y. 315, 72 N. E. 226, 103 Am. St. Rep. 880.

The attending circumstances must determine the degree of force which evidence of good character should have. The evidence for the people may be of such weight that, in the absence of evidence of good character, a jury would have no hesitation in convicting; but, with precisely the same evidence for the people before it, the evidence of good character on the part of the accused may be such that a jury would be fully justified in believing that the other evidence in the case was false or the witnesses mistaken. The determination of what weight evidence of good character should have must be left to the sound, and not fanciful, judgment of a jury. But in every case where such evidence in introduced the accused is not proven guilty beyond a reasonable doubt unless the evidence is so conclusive that the improbability that a person of such character would be guilty of the offence charged is overcome. Remsen v. People, 43 N. Y. 6. The jury were told that if there should be some doubt or hesitation in their minds, even if it did not rise to the importance of a reasonable doubt, it was for them to say then whether defendants were men of good reputation. If otherwise there was no doubt in their minds as to their guilt, no hesitation with regard to it, it was still the duty of the jury to consider the evidence of the good character of the accused. That might raise a doubt; it might not; it was for them to say in every instance. Finally, the jury were told:

"Always consider it [good character] if you are not satisfied beyond a reasonable doubt that a man has committed the crime with which he is charged."

The case here suggested is the only case in which evidence of good character need not be considered. If the jury are not satisfied beyond a reasonable doubt that a man has committed a crime with which he is charged, he cannot be convicted, whether his character is good or bad. The error in the charge is so serious that, in view of the sharp conflict

of evidence in this case, we feel constrained to reverse, notwithstanding no. exception was taken to the charge as made. · Code Cr. Proc. § 527.

The judgment of conviction should be reversed, and a new trial granted. All concur.