(89 Misc. Rep. 258)

## PEOPLE v. COMRY.

### SAME v. ANDERSON.

(Court of General Sessions, New York County.  February, 1915.)

1. CRIMINAL LAW ⬳377—EVIDENCE OF GOOD CHARACTER—ADMISSIBILITY.

    The defendant in a criminal case is entitled to have his previous good character considered, with a view of creating a reasonable doubt as to his guilt.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 836, 837, 840; Dec. Dig. ⬳377.]

2. CRIMINAL LAW ⬳1170—GROUND FOR REVERSAL—EXCLUSION OF EVIDENCE —REPUTATION OF DEFENDANTS.

    Where, in a City Magistrate's Court, one defendant was charged with vagrancy, in that she knowingly and willfully solicited a police officer for the purposes of prostitution, in violation of Tenement House Law (Laws 1909, c. 99 [Consol. Laws, c. 61]) § 150, as amended by Laws 1913, c. 598, and the other defendant was charged with vagrancy, in that she occupied and maintained a house of prostitution in violation of the same statute, the exclusion of testimony as to the good reputation of defendants was ground for reversal.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3145–3153; Dec. Dig. ⬳1170.]

Appeal from City Magistrate's Court.

Callie Comry and another were convicted of vagrancy, and appeal. Reversed, and new trial ordered.

Samuel Franck Edmead, of New York City, for appellants.

James E. Smith, Deputy Asst. Dist. Atty., of Olean, for the People.

ROSALSKY, J.  The defendant Comry appeals from a judgment rendered against her in the City Magistrate's Court convicting her of vagrancy, in that she knowingly and willfully solicited a police officer for the purpose of committing an act of prostitution in a tenement house, in violation of article 8, section 150, chapter 99 of the Laws of 1909 (Consol. Laws, c. 61), as amended by chapter 598 of the Laws of 1913; and the defendant Hallie Anderson appeals from a judgment of conviction rendered against her in the city Magistrate's Court convicting her of vagrancy, in that she occupied and maintained a house of prostitution in a tenement house, in violation of article 8, section 150, chapter 99, Laws of 1909 (Consol. Laws, c. 61), as amended by chapter 598 of the Laws of 1913.  The defendants separately appeal from the judgments of conviction.

In both cases the magistrate declined to hear the testimony of five witnesses who were present in court and ready to testify as to the good reputation of the defendants.  It appears from the record that the following colloquy took place between the counsel for the defendants and the magistrate:

"Defendant's Counsel:  If your honor pleases, this is an exceptional case, or I would not have been taking up so much of your time.  Here are people

that have hitherto had good reputations. I can prove it. There are four or five character witnesses now in court to establish the fact that this woman—

"The Court: I would be very glad to hear you, counselor, but I haven't got the time now. I am going to find these defendants guilty and order their finger prints taken."

The learned assistant district attorney does not attempt to justify the ruling of the magistrate in declining to hear the character witnesses of the defendants, but, on the contrary, for the patent error recommends that the judgment of conviction be reversed as to each defendant.

[1, 2] It is well grounded in the law that in every case, whether it be a prosecution for a minor offense or for an atrocious crime, a defendant is entitled to have his previous good character considered, with a view to creating a reasonable doubt as to his guilt. The books abound with decisions as to the effect to be given to evidence of good character, and, for the purpose of pointing out the prejudicial error committed by the magistrate, I shall refer to a few of the authorities upon this subject.

In People v. Bonier, 179 N. Y. 320, 72 N. E. 226, 103 Am. St. Rep. 880, the court quoted from Remsen v. People, 43 N. Y. 6 (at page 8), as follows:

" 'There is no case in which the jury may not, in the exercise of a sound judgment, give a prisoner the benefit of a previous good character. No matter how conclusive the other testimony may appear to be, the character of the accused may be such as to create a doubt in the minds of the jury, and lead them to believe, in view of the improbabilities that a person of such character would be guilty of the offense charged, that the other evidence in the case is false, or the witnesses mistaken. An individual accused of crime is entitled to have it left to the jury to form their conclusion upon all the evidence whether he, if his character was previously unblemished, has or has not committed the particular crime alleged against him. * * * Evidence of good character is not only of value in doubtful cases, and in prosecutions for minor offenses, but is entitled to be considered when the crime charged is atrocious, and also when the testimony tends very strongly to establish the guilt of the accused. It will sometimes of itself create a doubt when without it none would exist.' "

The court further said:

"It is therefore the law that evidence of good character may of itself create a reasonable doubt, when without it none would exist, and that upon the request of the accused the jury should be told that such evidence, in the exercise of their sound judgment, may be sufficient to warrant an acquittal, even if the rest of the evidence should otherwise appear conclusive."

In People v. Conrow, 200 N. Y. 356, 361, 93 N. E. 943, the court said:

"In this case the trial court in substance charged the jury that they were limited to the consideration of the previous good character of an accused to a case where the questions of fact affecting his guilt or innocence were closely or nearly evenly balanced, and that good character should not create a reasonable doubt as to the defendant's guilt unless otherwise the evidence was nearly balanced. The defendant was entitled to have the jury charged, substantially as requested by his counsel, that in the exercise of sound judgment they might give the defendant the benefit of the presumption of innocence

that arises from good character, no matter how conclusive the other testimony appeared to be."

The same principle which governs the effect to be given to evidence of good character by a jury is equally applicable to a case heard by a magistrate. The judgment of conviction as to each defendant is therefore reversed, and a new trial ordered.

Judgments reversed, and a new trial ordered.