## SUPREME COURT — APPELLATE DIVISION — FOURTH DEPARTMENT.

### January 28, 1921.

## THE PEOPLE v. FRANK CONSOLE.

### (194 App. Div. 824.)

(1) PRACTICE—TRIAL—INSTRUCTION THAT DEFENDANT'S GOOD CHARACTER CANNOT BE CONSIDERED TO RAISE REASONABLE DOUBT ERRONEOUS.

It is error for the court to charge, in a criminal prosecution, that the jury must be in doubt as to the defendant's guilt on the evidence, other than that of good character of the defendant, before evidence of good character can be considered by it.

(2) SAME—EXCEPTION NOT NECESSARY.

No exception was necessary in order to raise said error on appeal.

(3) SAME—EVIDENCE—PROCEEDING AGAINST DEFENDANT IN ANOTHER PROSECUTION NOT ADMISSIBLE.

Proceedings against the defendant on another charge before another court were not admissible, and such evidence was not made admissible by the defendant's cross-examination of the complaining witness, eliciting a negative only, for that proved nothing.

(3) SAME.

It was error for the court to strike out testimony elicited on cross-examination by the defendant for the purpose of showing that the crime was committed in another county, on the ground that the defendant's counsel refused to give up the minutes of said other proceedings on which he was basing his cross-examination.

APPEAL by the defendant, Frank Console, from a judgment of the County Court of Kings county, rendered on the 11th day of June, 1920, convicting him of the crime of grand larceny in the first degree.

*Edward J. Reilly,* for the appellant.

*Ralph E. Hemstreet, Assistant District Attorney (Harry E. Lewis, District Attorney,* with him on the brief), for the respondent.

JENKS, P. J.:

We think that errors require our order for a new trial.

*First.* The defendant called witnesses as to his good character. The court charged the doctrine of reasonable doubt and then immediately said: "Now there is in addition the testimony of character witnesses that has been offered by this defendant. The rule is that if a jury, from the evidence in chief, from the principal facts in the case, find, under the rules that I have given you, that a defendant is guilty, it makes no difference how good his character has been, but if you should arrive at the point in your discussion where you were in doubt, you may then, of course, take the character evidence as primary evidence, and ask yourselves whether, if the previous character of this defendant was as stated, he could have committed the crime in question." Thus the instruction in effect was that the jury must be in doubt as to the defendant's guilt upon the evidence other than that of good character before the evidence of good character could be considered by it. This is not the rule. In Remsen v. People (43 N. Y. 9), which is cited among the authorities in People v. Conrow (200 N. Y. 361), the court say: "Evidence of good character is not only of value in doubtful cases, and in prosecutions for minor offenses, but is entitled to be considered, when the crime charged is atrocious, and also when the testimony tends very strongly to

establish the guilt of the accused. It will sometimes of itself create a doubt when without it none would exist. (Cancemi v. People, 16 N. Y. 501; Stephens v. People, 4 Park. 396; Commonwealth v. Webster, 5 Cush. 295.)" In Edgington v. United States (164 U. S. 364, 365) the charge was subject to the criticism that may be applied to the charge now under consideration and the court lays down the rule of Remsen v. People (supra), which it cites. In People v. Conrow (supra, 362), after discussion of the authorities, the court say: "The defendant was entitled to have the jury charged substantially as requested by his counsel, that in the exercise of sound judgment they might give the defendant the benefit of the presumption of innocence that arises from good character, no matter how conclusive the other testimony appeared to be." No exception was taken, but that is not essential. (Code Crim. Proc. § 527; People v. Minkowitz, 220 N. Y. 399.)

*Second.* The People could not put in evidence the proceedings on another charge against the defendant before a magistrate in the borough of Manhattan. (Dissenting opinion in People v. Wolf, 107 App. Div. 456; approved, 183 N. Y. 477.) The ruling cannot be sustained upon the ground that the defendant's counsel by cross-examination of the complaining witness had opened the door, for counsel's inquiry in this respect had elicited a negative only, that proved nothing.

*Third.* After the People, over objection and exception, had read in evidence the proceeding on the said other charge in Manhattan, the record of that proceeding was found to state at the end: "Dismissed on consent of the District Attorney, November 20, 1919, defendant given in custody of the police from the borough of Brooklyn on another charge." The defendant contended the crime, if any, was committed in the county of Queens, and therefore, sought to show by cross-examination of a police detective that before the magistrate in Manhattan the witness had testified that the defendant was wanted upon the other (*i. e.,* this) charge in the county of

Queens, and not in the borough of Brooklyn which is in the county of Kings. For that purpose counsel asked the witness if certain questions were not then and there put to him - and certain answers given on that subject. The assistant district attorney during the cross-examination demanded that "the minutes be marked in evidence." The learned counsel for the defendant said: "We refuse to give them up." The Court: "You are asking questions from these minutes?" Counsel: "Yes, and they are our records and we won't give them up." The Court: "I will strike out all of this testimony regarding this record." The defendant excepted. It is but just to note that the learned assistant district attorney finally stated that he did not wish the papers. But the ruling of the court remained. The defendant was under no legal obligation to comply with the demand of the court. It does not appear upon what theory the court required the counsel to "give up" the minutes. They were not evidence. (Neilson v. Columbian Ins. Co., 1 Johns. 301.)

The judgment is reversed in that the defendant did not have a fair trial, and a new trial is ordered.

MILLS, RICH, PUTNAM and KELLY, JJ., concur.

Judgment of conviction of the County Court of Kings county reversed, and new trial ordered.