## SECOND DEPARTMENT, APRIL, 1926.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PATSEY SODANO and Another, Appellants, Impleaded with Another, Defendant.

*Crimes — trial — instructions — burglary, first degree — charge on effect of character evidence was not erroneous.*

Appeal from a judgment of the County Court of Nassau county, rendered on November 27, 1925, convicting the appellants of the crime of attempt to commit burglary, first degree.

Judgment of conviction of the County Court of Nassau county affirmed. Manning, Young and Lazansky, JJ., concur; Kelly, P. J., dissents and reads for reversal, with whom Rich, J., concurs.

KELLY, P. J. (dissenting): I am constrained to vote to reverse this judgment and for a new trial, solely because of error in the charge of the learned county judge concerning the character evidence. He said: " There has been evidence offered here as to the character of the defendants. It is always proper to introduce such evidence in a criminal case. The rule being that evidence of good character in and of itself is not sufficient to raise a reasonable doubt, but to have that effect it must be believed and taken in connection with all the other evidence it may have that effect, if believed, or raising a reasonable doubt when, without such evidence there would be none. It doesn't mean, however (that rule) that there is any presumption in law that a man of good character cannot commit a crime. It simply means that after the jury has considered all the evidence there is against the defendant, and there being a close question in his mind of whether or not the defendant is guilty, and then if they consider the evidence of good character and that of itself, if believed, may be sufficient in such a case to create a reasonable doubt in the jurors' minds and they must acquit." At the conclusion of the main charge he was requested to charge the jury: " I ask your Honor to charge the jury that in their exercise of sound judgment, that they may give the defendant the benefit of previous good character, no matter how conclusive the other evidence may be. The Court: I decline to charge that other than I have charged." The main charge of the learned trial judge appears to limit the effect of the character evidence to a case where there is a close question in the mind of the jury as to whether or not the defendant is guilty. This was the error which required the reversal of the judgment in *People* v. *Blatt* (136 App. Div. 717). And the supplemental request to charge the law relative to the effect of character evidence, which request was refused except as charged, was in the precise language of the Court of Appeals in *People* v. *Conrow* (200 N. Y. 356), where a conviction of murder in the first degree was reversed for failure to properly instruct the jury on this matter of the effect of character evidence. In *People* v. *Console* (194 App. Div. 824) a conviction of grand larceny in the first degree was reversed upon the same ground, and again in *People* v. *Kearns* (214 App. Div. 804) we reversed a conviction under the Sullivan Act* for carrying dangerous weapons, upon the same ground. In the *Blatt Case* (*supra*) the court said: " The evidence for the People

---

* See Penal Law, § 1897, subd. 4, as amd. by Laws of 1921, chap. 297.— [REP.

may be of such weight that, in the absence of evidence of good character, a jury would have no hesitation in convicting, but with precisely the same evidence for the People before it, the evidence of good character on the part of the accused may be such that a jury would be fully justified in believing that the other evidence in the case was false or the witnesses mistaken." This rule was somewhat modified in *People* v. *Trimarchi* (231 N. Y. 263), where the Court of Appeals said: " Evidence of good character is not, of itself, sufficient to raise a reasonable doubt. Such evidence, in order to raise a reasonable doubt, must be believed by the jury. It then may, when considered with all the other evidence in the case, be sufficient to raise a reasonable doubt as to his guilt. This is upon the theory that good character may create a doubt against positive evidence, but this doubt against positive evidence is created only when in the judgment of the jury the character is so good as to raise a doubt as to the truthfulness of the positive evidence tending to establish guilt. In such case the defendant must be given the benefit of the doubt." But I think, in the case at bar, the effect of the main charge of the learned trial judge and his refusal to charge the supplemental request except as charged, was to instruct the jury that character evidence was important only in a case in which there was a close question in the mind of the jury as to whether or not the defendant was guilty. If there was a reasonable doubt in the mind of the jury as to the guilt of defendants they were entitled to acquittal without evidence of good character. I have examined the other points presented by the appellants on this appeal, none of which, in my opinion, presents reversible error. Rich, J., concurs.