THE PEOPLE OF THE STATE OF NEW YORK, Appellant and Respondent, *v.* CLAUDE H. HENDERSON, Appellant, and FRED E. LAMAN, Respondent.

Argued November 23, 1948; decided March 3, 1949.

*Robert O. Brink, District Attorney* (*Samuel W. Bernstein* and *Frederick J. Vavra* of counsel), for People of the State of New York, appellant and respondent.   I. There was sufficient evidence in the case besides the testimony of accomplices to justify submitting the question of defendant Laman's guilt as to the crimes of accepting bribes as a public officer, taking unlawful fees as a public officer, and of the crime of conspiracy. (*People* v. *Suffolk Contr. Co.,* 171 App. Div. 645.)   II. There

was sufficient evidence from non-accomplices which tended to connect defendant Laman with the commission of the crime of conspiracy. III. There was sufficient evidence from non-accomplice testimony which tended to connect defendant Laman with the crimes of bribery and accepting unlawful fees. (*People v. Becker,* 215 N. Y. 126; *People v. Dixon,* 231 N. Y. 111; *People v. Reddy,* 261 N. Y. 479; *People v. Duffy,* 160 App. Div. 385, 212 N. Y. 57; *People v. Sweeney,* 161 App. Div. 221, 213 N. Y. 37; *People v. Buchalter,* 289 N. Y. 181; *Pinkerton v. United States,* 328 U. S. 640.) IV. The charge with respect to the requirements of corroboration was correct as to defendant Henderson. (*People v. Becker,* 215 N. Y. 126; *People v. Dixon,* 231 N. Y. 111; *People v. Reddy,* 261 N. Y. 479; *People v. Duffy,* 160 App. Div. 385, 212 N. Y. 57; *People v. Sweeney,* 161 App. Div. 221, 213 N. Y. 37.) V. The charge with respect to corroboration of the conspiracy counts was correct. (*People v. Flack,* 125 N. Y. 324; *People v. Sweeney,* 213 N. Y. 37; *People v. Connolly,* 253 N. Y. 330; *People v. Miles,* 123 App. Div. 862, 192 N. Y. 541; *People v. Micelli,* 156 App. Div. 756, 216 N. Y. 727; *People v. Suffolk Contr. Co.,* 171 App. Div. 645; *People v. McCarthy,* 256 App. Div. 522, 280 N. Y. 763.) VI. The evidence of guilt was overwhelmingly conclusive. (*Dunn v. United States,* 284 U. S. 390; *People v. Sciascia,* 268 App. Div. 14, 294 N. Y. 927.)

*Abraham E. Gold* and *James B. Gitlitz* for Claude H. Henderson, appellant. I. The trial court erred in its charge as to corroboration of the substantive counts of the indictment. (*People v. Nitzberg,* 287 N. Y. 183; *People v. Mullens,* 292 N. Y. 408; *People v. Kress,* 284 N. Y. 452; *People v. Maione,* 284 N. Y. 423; *People v. Goldstein,* 285 N. Y. 376; *People v. Werblow,* 241 N. Y. 55; *People v. Tavormina,* 257 N. Y. 84; *People v. Luciano,* 277 N. Y. 348; *People v. O'Neil,* 109 N. Y. 251.) II. The charge with respect to corroboration of the conspiracy counts was erroneous, inadequate and confusing. (*People v. Goldstein,* 285 N. Y. 376; *People v. Kress,* 284 N. Y. 452; *People v. Feolo,* 284 N. Y. 381; *People v. Maione,* 284 N. Y. 423; *People v. Nitzberg,* 287 N. Y. 183; *People v. Fanning,* 131 N. Y. 659.)

*William E. Night* and *Donald W. Kramer* for Fred E. Laman, respondent. I. The evidence is insufficient to justify the conviction of defendant Laman. (*People v. Weiss,* 290 N. Y. 160;

*People* v. *Ligouri,* 284 N. Y. 309; *People* v. *Landers,* 264 N. Y. 119; *People* v. *Swersky,* 216 N. Y. 471; *People* v. *Baldiseno,* 266 App. Div. 909; *People* v. *Kathan,* 136 App. Div. 303.) II. The Appellate Division properly dismissed the indictment as to defendant Laman. (*People* v. *Ditchik,* 288 N. Y. 95; *People* v. *Mullens,* 292 N. Y. 408; *People* v. *Duffy,* 160 App. Div. 385; *People* v. *Friedlander,* 280 N. Y. 437; *People* v. *Rosenthal,* 289 N. Y. 482; *People* v. *Feolo,* 284 N. Y. 381; *People* v. *Kress,* 284 N. Y. 452; *People* v. *Kathan,* 136 App. Div. 303; *People* v. *Courtney,* 28 Hun 589; *People* v. *Weiss,* 290 N. Y. 160; *People* v. *Goldstein,* 285 N. Y. 376.)

LOUGHRAN, Ch. J. At the times here in question the defendant Henderson was sealer of weights and measures of the City of Binghamton and the defendant Laman was in the service of the Department of Agriculture and Markets of this State as an inspector of weights and measures with jurisdiction in a number of counties. One of these was the county of Broome where the city of Binghamton is the county seat. After trial in the County Court of that county, both defendants in January, 1947, were convicted (1) of a conspiracy to commit bribery; (2) of having on numerous occasions accepted moneys as bribes; and (3) of having on those occasions received the same moneys as unlawful fees.

Conspiracy is a misdemeanor (Penal Law, § 580). Bribery and taking unlawful fees are separate felonies (Penal Law, §§ 2, 372, 1826). On each felony conviction, each of these two defendants was sentenced to imprisonment in a State prison for not less than two nor more than five years, the sentences to run concurrently and not consecutively. (No point is made of the circumstance that each defendant was thus sentenced twice for each of a number of single acts. Cf. Penal Law, § 1938, and *People* v. *Morel,* 258 App. Div. 971.) On the misdemeanor-conspiracy count, each defendant was committed to the county jail of Broome County for one year, but execution of these sentences was suspended on condition that the sentences imposed on the defendants under the felony counts be served.

The defendants appealed to the Appellate Division where the judgment against Henderson was unanimously affirmed and the judgment against Laman was reversed on the law and the facts, the indictment dismissed on the law and the defendant dis-

charged, two of the Justices dissenting. One of the Justices then granted to Henderson a certificate upon which he has appealed to this court from the order affirming the judgment against him, while by a certificate of the same Justice the People have been permitted to bring here for review the order which reversed the judgment entered against Laman (see Code Crim. Pro., § 520, subd. 3).

In our opinion, the Appellate Division was right in taking the evidence against Laman to be less than sufficient to support a finding of his guilt beyond a reasonable doubt and in his case the order of the Appellate Division will accordingly be affirmed. What follows has reference to the case of the defendant Henderson.

The acceptance by him of bribes and unlawful fees was sworn to only by accomplices. There was, however, enough non-accomplice testimony to entitle the jury to find that he and the accomplice witnesses had antecedently entered into a conspiracy to cause such unclean moneys to be paid to him. In respect of that state of the record, the Trial Judge in his charge said to the jury: " I am going to charge you that if you find neither defendant to be a participant in such a conspiracy, then there is no evidence in this case to corroborate the testimony of the accomplices as to the alleged payments, and as to those counts in the indictment other than the conspiracy counts, they would have to fail. But * * * when you find a conspiracy of that nature, the law contemplates that is a partnership in crime and each defendant is liable for the acts of the other, and corroborative evidence, once it establishes a conspiracy to bribe, once it ' tends ' to establish a conspiracy to bribe, and the defendants' connection with it, then they are liable for each act that flows out of that conspiracy and you do not have to find corroboration or additional testimony other than that of accomplices, in order to find them guilty of each act of bribery or of taking unlawful fees." This ruling was several times repeated by the Trial Judge and the question of its correctness is here properly raised.

The applicable statute is section 399 of the Code of Criminal Procedure. It is thereby provided: " A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant

with the commission of the crime." The corroborative evidence so required need not connect the defendant with the crime charged. If it have a fair tendency to connect him therewith and is found by the jury to be true, the statute is satisfied. (See *People* v. *Reddy,* 261 N. Y. 479, 484.)

The conspiracy in question was one through which Henderson was to receive moneys from truckers of coal for letting them deliver short weights in the city of Binghamton. Undoubtedly this corrupt agreement became an offense complete in itself once an overt act was done to effect the object of the conspirators (Penal Law, § 583; *People* v. *Tavormina,* 257 N. Y. 84). But their original plan did not at that stage cease to be relevant to show that subsequent acts which were contemplated thereby had in fact been done (see 1 Wigmore on Evidence [3d ed.], § 102). Moreover, these acts could readily have been facilitated by the defendant Henderson in his position as city sealer of weights and measures. Existence of so practicable and concrete a plan was without more an adequate basis for the jury's finding of participation by the defendant Henderson in the planned felonious conduct which the accomplice witnesses attributed to him (*People* v. *Luciano,* 277 N. Y. 348, 358–359). In the light of these considerations, the above instruction of the Trial Judge to the jury appears to us not to be open to any substantial objection.

To be sure, the mere fact of the conspiracy in question did not indisputably establish participation by the defendant Henderson in the later acts charged as felonies, but nobody at the trial pretended to understand any words of the court as an assertion to that effect.

The orders should be affirmed.

LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Orders affirmed.