THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN MALIZIA, Appellant.

First Department, June 11, 1957.

*Maurice Edelbaum* for appellant.

*Lawrence K. Feitell* of counsel (*Richard G. Denzer* with him on the brief; *Frank S. Hogan, District Attorney,* New York County, attorney), for respondent.

*Per Curiam.* Appellant was convicted of two counts (1) unlawful selling of heroin; and (2) conspiracy to commit the crimes of selling narcotic drugs and to commit acts injurious to public health and morals.

The substantive offense rested upon the testimony of the buyer alone, which testimony was uncorroborated. Corrobora-

tion of the buyer's testimony was unnecessary. (*People* v. *Pasquarello*, 282 App. Div. 405, affd. 306 N. Y. 759.)

The conspiracy count rested on the testimony of Malone and the corroboration which will be referred to. Malone's testimony established all the necessary elements of the conspiracy charged. The corroborating evidence was as follows: The accomplice Malone, at the suggestion of the detectives, telephoned to ATwater 9-9699. On the third attempt, the two previous attempts being without avail, Malone succeeded in communicating with the defendant. Malone and the defendant then arranged a meeting near a drugstore at 124th Street between Madison and Fifth Avenues, in the Borough of Manhattan. Malone was under the surveillance of detectives. Malone entered the drugstore. Later the defendant entered the store but did not openly acknowledge Malone, although from his conduct it was obvious that he knew Malone. The defendant then departed from the drugstore and Malone walked behind him. The defendant proceeded to the Hospital for Joint Diseases nearby, entered and walked to a telephone booth. Malone followed the defendant, who inquired "What's the matter." Malone then tipped his hat and the arrest followed. Shortly thereafter, in a men's lavatory, within approximately 20 feet of the booth, a package containing slightly less than four and one-half ounces of heroin, avoirdupois, was found on a window ledge.

Malone's testimony as to his meeting with the defendant at the drugstore and the events thereafter until the arrest was corroborated by the testimony of two detectives. The defendant at the time of arrest and thereafter denied knowing Malone. Thereafter, investigation established that the telephone number ATwater 9-9699 was assigned to a public telephone located opposite the place of residence of the defendant. All of this indicates the following: (1) that the defendant knew Malone; and (2) that the defendant was engaged in an enterprise requiring the subterfuge and artifice demonstrated by the evidence of the events at the drugstore and the hospital, evidently adopted in order to elude possible pursuit and detection. It is, therefore, fair to infer that the heroin found at the hospital, at the place to which Malone and the detectives were led by the defendant, under these circumstances, was known by the defendant to be there. The disavowal of knowledge of Malone, in the face of the location of the public telephone near the defendant's residence, and his attendance at the drugstore in

response to Malone's telephone call, is compelling evidence of defendant's guilt.

An additional corroborative factor is that the heroin was secreted near the place of arrest following a brief telephone conversation between Malone and the defendant. It may be inferred from the conduct of Malone and the defendant that the latter had theretofore dealt with Malone. The evidence more than meets the test for corroboration laid down in *People* v. *Henderson* (298 N. Y. 462). There the court, at page 467, said: " The corroborative evidence so required need not connect the defendant with the crime charged. If it have a fair tendency to connect him therewith and is found by the jury to be true, the statute is satisfied." Certainly the evidence in this case fairly tended to connect the defendant with the conspiracy, and the jury by its verdict affirmed its satisfaction with that proof. Moreover, *People* v. *Henderson* (*supra*) holds that a conspiracy advanced by an overt act constituting a substantive offense requires corroboration only as to the conspiracy and does not require corroboration as to the substantive offense charged. In other words, corroborative evidence as to the substantive offense here involved was unnecessary because (1) Malone was not a seller as to the transaction involved in the substantive offense; and (2) the substantive offense was committed in pursuance of the conspiracy, and all that is required in such case, under *Henderson* (*supra*), is corroboration of the conspiracy.

The judgment of conviction therefore should be affirmed.

FRANK, J. (dissenting). The dissent herein is predicated upon one specific proposition and concerns only the first count in the indictment under which count the defendant was charged with feloniously selling a narcotic drug.

Pursuant to section 399 of the Code of Criminal Procedure the court was requested to charge as follows: " I respectfully ask Your Honor to submit to the jury as a question of fact whether or not Malone is an accomplice of the defendant as to first and fourth counts of the indictment, and if they find that he is, they must acquit him, as there is no other evidence in the case tending to connect the defendant with the commission of the crime."

The court declined to charge as requested. Indeed, no instructions were given the jury to determine as a question of fact whether Malone was an accomplice, and if found to be,

to determine the question of corroboration. While the request was not wholly correct, it was sufficient to alert the court to the need for appropriate instructions to the jury.

Although it is not error for the trial court to refuse to charge an erroneous request or one which couples a proper with an improper request (*People* v. *McGloin*, 91 N. Y. 241, 254; *People* v. *Lay*, 254 App. Div. 372, affd. 279 N. Y. 737), that does not mean that the court may refuse to instruct the jury upon the law involved in a factual dispute which the jury must determine. Even if no request were made in this case, it was pertinent for the jury to determine whether Malone was an accomplice. "As a general rule, whether requested or not, the Court should instruct on every essential question in the case so as properly to advise the jury of the issues." (*People* v. *Viscio*, 241 App. Div. 499, 502–503.) The failure to request a charge is not fatal. (*People* v. *Montesanto*, 236 N. Y. 396, 406; *People* v. *Odell*, 230 N. Y. 481; *People* v. *Console*, 194 App. Div. 824; *People* v. *Kathan*, 136 App. Div. 303; *People* v. *Minkowitz*, 220 N. Y. 399; Code Crim. Pro., § 527.)

We are cognizant of the case of *People* v. *Pasquarello* (282 App. Div. 405, affd. 306 N. Y. 759), and are in complete accord with the holding there that corroboration of the buyer's testimony is unnecessary since a buyer per se is not an accomplice to the crime of selling a narcotic. In that case, there was no dispute that the prosecution witness was only a user making a purchase from the defendant solely for the purpose of indulging his personal needs. That, however, is not necessarily or exclusively the situation here. In essence, a request was made to submit to the jury as a question of fact for determination whether Malone was an accomplice of the defendant. From one version of the testimony, it is evident that Malone, the principal witness for the prosecution, made purchases of heroin from the defendant for the purpose of resale. It is not clear whether Malone was a user at the time the illegal arrangement was made or became an addict thereafter. Malone testified as follows: " I told him I could run about half a piece, half an ounce, or something like that, a day, and naturally I wanted a direct connection, and I asked the price of his merchandise and he told me it was $140 an ounce. I didn't have any money to pay, so I asked for a consignment, which he consented to give. It was agreed I was to get two pieces to start off with, and I believe that concluded it. Q. Two pieces would amount to what, please? A. Two ounces."

If the jury were to believe that testimony, a proper inference could be drawn that the witness and the defendant entered into an arrangement whereby the witness was to sell heroin as an agent or in a joint venture with the defendant. At the very least, the defendant was entitled to have the jury instructed that it must determine whether or not Malone was an accomplice of the defendant.

Under the circumstances, there was error requiring a reversal of the conviction with respect to the first count, and we should therefore vote to reverse such conviction on the first count, and to order a new trial.

PECK, P. J., BREITEL, VALENTE and McNALLY, JJ., concur in *Per Curiam* opinion; FRANK, J., dissents and votes to order a new trial in opinion.

Judgment affirmed.