### BERKOWITZ v. SCHLANGER.

(Supreme Court, Appellate Term. January 4, 1911.)

1. WITNESSES (§ 370*)—CREDIBILITY—INTEREST.

Witnesses are not interested, as regards their credibility, merely because they are friends of a party; but they must have some such relation to the matter in controversy as will give rise to some possible pecuniary gain or loss from the event.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1189; Dec. Dig. § 370.*]

2. TRIAL (§ 193*)—INSTRUCTIONS—SUBMISSION OF ISSUES—COMMENTS ON EVIDENCE.

The court, in its instruction commenting on the evidence, by reiteration of the words "he would have you believe," when considering defendant's testimony, clearly indicated to the jury his opinion that defendant's evidence was not worthy of belief; and by stating that defendant would have the jury believe that plaintiff was committing perjury raised a false issue, and so failed to fairly and impartially submit the questions.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 436–438; Dec. Dig. § 193.*]

Appeal from City Court of New York, Trial Term.

Action by Benjamin Berkowitz against Solomon Schlanger. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Morris Meyers, for appellant.

Samuel Deutsch, for respondent.

PAGE, J. This is an action to recover damages for assault and battery, alleged to have been committed upon the plaintiff by the defendant in the latter's saloon. The plaintiff testified that the defendant had struck him twice on the shoulder, fracturing his collar

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bone. As to the occurrences in the saloon, he was the sole witness in his behalf, although it appeared that there were from 25 to 30 people present at the time. The defendant denied having struck the plaintiff, and was corroborated by the bartender, his wife, and four customers, who were present at the time. After correctly charging as to the burden of proof and the rules applicable to the weight of evidence, the trial judge said:

"Now, as to the parties who have been called here, certainly the plaintiff is an interested party to this litigation; likewise is the defendant and his wife, and his barkeeper is more or less interested. So far as these other witnesses are concerned, the testimony is that they are regular habitues of the saloon in question. They are friends of the defendant in this action, and it is your duty, in determining where the truth lies in this case, to carefully scrutinize all that interested testimony, in order that you may determine the degree of credibility you will attach to the same."

Defendant's counsel took exception to the portion of the charge that related to the four witnesses who were not related to or employed by the defendant. The charge was erroneous. "The interest which the law recognizes as affecting credibility is that which is calculated to create bias or inclination of mind, founded on some such relation to the matter in controversy, as will give rise to some possible pecuniary gain or loss from the event." Rheinfeldt v. Dahlman, 19 Misc. Rep. 162, 167, 43 N. Y. Supp. 281. Tested by this standard, the witnesses were not interested, and the charge was prejudicial to the defendant. The court should have charged that these witnesses were disinterested, as requested by defendant's counsel.

The court then proceeds to comment on the evidence, and calls the jury's attention to certain particulars wherein the judge stated the plaintiff had not been contradicted, but as to some of which, as a matter of fact, he had been, and then said:

"Now, the defendant tells you a story that is diametrically opposed to that given by the plaintiff. He would have you believe * * *"

And after stating defendant's claim:

"Now, as I have stated, you have a right to pass upon the probabilities of the story told you by the witnesses in this case. Is it reasonable to believe, as claimed by the defendant * * *"

And again:

"The defendant would have you believe, from the testimony in this case, that the plaintiff was never struck by the defendant, but that he sustained and met with this broken collar bone as the result of an automobile accident. They would have you believe that he is here to-day committing perjury, in charging against the defendant in this case the result of those injuries. * * *"

The judge, by the reiteration of the words "he would have you believe" when considering defendant's testimony, very clearly indicated to the jury his opinion that the defendant's evidence was not worthy of belief, and in the last clause above cited, in stating that the defendant would have the jury believe that the plaintiff was committing perjury, "tendered a false issue and diverted their minds from their true duty, which was to consider all of the testimony, weigh it carefully, to test the credibility to be given to a witness by his apparent

intention to speak the truth and by the accuracy of his memory, to reconcile, if possible, conflicting statements as to material facts, in such ways as to get at the truth and to reach a just verdict upon the issues." Smith v. Lehigh V. R. R. Co., 170 N. Y. 394, 400, 63 N. E. 338, 340.

Whether the plaintiff had committed perjury was not for this jury to determine. On the whole, the charge was very prejudicial to the defendant. The judge practically told the jury that he believed they should find a verdict for the plaintiff. Judges should bear in mind that the jury is to pass on the facts and the credibility of the witnesses, and that the judge's duty is to submit the questions to them in a fair and impartial charge, laying down such rules as the law prescribes for their guidance. If the case warrants it, he may direct a verdict; but, where there are controverted questions of fact, they are to be determined by the jury, and not by the judge. If he believes the verdict is against the evidence, or contrary to the weight of evidence, he may set it aside; but in the first instance the jury should determine the questions of fact. The regard that the jury have for the opinions of the judge imposes upon him great caution in expressing his opinion upon the evidence, that he may not substitute his judgment for that of the jury.

In view of the portions of the charge above set forth, the defendant was deprived of a fair and impartial trial of the issues, and the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.