THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* NICHOLAS VISCIO, Appellant.

Third Department, June 2, 1934.

*Samuel M. Hesson* [*Alexander Grasso* of counsel], for the appellant.

*Thomas W. Wallace, District Attorney* [*Harold R. Beyerl, Assistant District Attorney*], for the respondent.

HEFFERNAN, J. The defendant was convicted of the crime of arson in the second degree in the Schenectady County Court on December 20, 1933, and the case is now before us on his appeal.

The indictment contained three counts. The specification of the first count is that defendant, in the night time, on the 28th day of February, 1933, did feloniously and willfully set fire to and burn a dwelling house owned by him which was ordinarily occupied by night by a human being. The second count charged defendant with the burning of the same building which at that time was insured against loss or damage by fire with intent to prejudice and defraud the insurer thereof. In the third count it was alleged that defendant set fire to insured household furniture located upon the same premises. After a trial the jury found defendant guilty on the first and second counts and disagreed as to the third.

The testimony shows that defendant paid $5,000 for the premises in question. At the time he acquired title thereto the building was insured in the sum of $5,500, which defendant continued until the fire. There was a mortgage upon the property in the sum of $2,650. The household furniture was not insured. The premises in question consisted of a two-story frame building occupied by defendant, his wife and children. A fire occurred in the building at about eleven P. M. on the night of February twenty-eighth. At the time the fire originated defendant and the members of his family were absent from home and were attending a carnival at the State armory. Without doubt the fire was of incendiary origin. To warrant defendant's conviction the prosecution was required to establish not only that the burning was of incendiary origin and not accidental, but also that defendant was the one who set the fire.

The evidence connecting defendant with the crime is purely circumstantial in its nature. To prove motive and intent the People rely largely on evidence of defendant's pecuniary condition. The proof shows that the property was mortgaged. The defendant was in arrears on taxes, interest and insurance. He had numerous other obligations which he was unable to discharge. His average weekly earnings were less than ten dollars. Had there been a complete loss of the property by fire and had he realized the full amount of the insurance defendant undoubtedly would have profited by the transaction.

We have examined and considered the evidence contained in this record and conclude that the verdict was not, within well-established rules, so contrary to or against the weight of the evidence as to require a reversal of the judgment of conviction for that reason alone. We are, therefore, called upon to determine whether the rights of the defendant were fully protected or whether his conviction was, or may have been, brought about by reason of error committed by the court in the conduct of the trial.

The assertion, given so much emphasis in the brief and in the argument of the learned assistant district attorney that defendant is guilty, has no persuasive force with us. All that is known or can be known to us is that a jury has made such a pronouncement. Our sole duty is to determine whether or not that verdict is tainted with legal error. Every person charged with a crime is entitled to a fair and impartial trial and it is a duty resting on the courts to see that this guaranty conferred by the laws on every citizen is upheld and sustained. This defendant is entitled to justice and the law is not to be strained against him merely because it seems probable that he may be guilty.

Numerous errors are assigned by defendant which he urges require a reversal of the judgment. In view of the conclusion at which we have arrived it is unnecessary to discuss them all and indeed it would unduly lengthen this opinion to do so.

Defendant was sworn as a witness on his own behalf and denied his guilt. He called his sixteen-year-old son Tony to corroborate him. Both father and son were exhaustively cross-examined by the learned district attorney. The record shows that at the conclusion of the prosecutor's examination the trial judge undertook to interrogate each of the witnesses. It is apparent from his examination that the trial judge did not credit their testmiony. It is impossible to read the record without arriving at the conclusion that he conveyed that intimation to the jury. His questions indicated that he was impressed with defendant's guilt. Obviously the jury was influenced by his attitude.

For the purpose of eliciting evidence it is proper for a trial judge to question witnesses. Often a conscientious judge may feel that it is his duty to do so where something material has been omitted. He should, however, conduct his examination in such a manner as to impress the jury with the idea that he is entirely impartial. Jurors are apt to be impressed by his attitude and utterances and hence he should refrain from asking questions in such a way as to disclose his opinion on the merits or which indicate doubt on his part as to the credibility of the witnesses.

In his charge to the jury the court apparently regarded motive and intent as synonymous terms. In connection with that subject he said to the jury: " Take all the surrounding circumstances, mould them together, to determine whether or not, *by a fair preponderance of the evidence*, if there was some motive for this defendant to commit this crime." By this language the jury was told in substance that a mere preponderance of evidence was sufficient to convict. This misstatement of the law clearly constitutes reversible error.

The trial judge in his charge instructed the jury that defendant and his son were interested witnesses. In discussing that subject he said: " The defendant has testified here. Naturally, Gentlemen, he is interested in the outcome of this trial. It is your duty to place such credibility upon the testimony of this defendant's witnesses, the testimony of his son, as you may deem that credibility deserves. Take into consideration that he is interested and his son is interested, are interested witnesses in the outcome of this lawsuit. In believing and testing their testimony, place a keener test to the weight of their testimony than you would of some witness who is not at all interested in the outcome of this trial." The court seriously erred in the statement just quoted. A disinterested witness is not necessarily entitled to any more credit than an interested witness. The whole subject of the interest of the witness and its effect upon his testimony is for the jury. (*People* v. *Gerdvine*, 210 N. Y. 184.) In this instance the error was highly prejudicial because the defense rested entirely upon the story of defendant and his son. It is highly improbable that the jury would credit their evidence after the court's statement that they should " place a keener test to the weight of their testimony."

Defendant introduced evidence of his good character. The trial judge made no reference to this subject in his charge. He utterly ignored this evidence so vital to defendant. He should have explained to the jury the effect of good character upon the question of reasonable doubt. When evidence of good character raises a reasonable doubt as to the guilt of a person accused of crime he is entitled to an acquittal although without such evidence no doubt as to his guilt would exist. (*People* v. *Conrow*, 200 N. Y. 356.) Evidence of good character is a matter of substance, not of form, in criminal cases, and must be considered by the jury as bearing upon the issue of guilt, even when the evidence against the defendant may be very convincing. (*People* v. *Colantone*, 243 N. Y. 134.)

True, as urged by the district attorney, defendant failed to request the trial judge to charge on this subject. The absence of such a request is not fatal. (Code Crim. Proc., § 527; *People* v. *Kathan*, 136 App. Div. 303; *People* v. *Minkowitz*, 220 N. Y. 399; *People* v. *Console*, 194 App. Div. 824.)

Defendant was represented by inexperienced counsel and hence the trial court should have been alert to see that his rights were safeguarded. It is the duty of the trial court to instruct the jury distinctly and precisely upon the law of the case. As a general rule, whether requested or not, the court should instruct on every essential question in the case so as properly to advise the jury of

the issues. The object of a charge is to define for the jury, and to direct their attention to, the legal principles which apply to and govern the facts, proved or presumed, in the case, and hence the charge should be full, clear and explicit. The proper procedure is for the court to state correctly in the charge both the claims made by the prosecution, and those made by the defendant, and the theories which the evidence for each, respectively, tends to establish. The charge should give the law fully and fairly both for the prosecution and for the accused.

It is contended by the district attorney that the errors which I have discussed cannot be reviewed on this appeal because of the want of specific objection and exception. The exception to the ruling of the court denying defendant's motion for a dismissal of the indictment and his discharge at the close of the whole case is sufficient to raise all these questions. (*People* v. *Kathan, supra.*) In addition to that no objection or exception is necessary. By section 527 of the Code of Criminal Procedure the Appellate Division has very broad powers of review. Under the provisions of that section we are authorized to grant a new trial when satisfied that the verdict is against the evidence or against the law or that justice requires it whether any exception shall have been taken in the court below or not. We are fully satisfied that the defendant was not accorded a fair trial and hence the judgment and order appealed from should be reversed and a new trial granted.

HILL, P. J., McNAMEE and BLISS, JJ., concur; CRAPSER, J., dissents and votes to affirm.

Judgment of conviction reversed, and new trial granted.