THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH MARINO, Appellant.— Judgment of the County Court of Kings county affirmed. Defendant, indicted for the crime of murder in the first degree, was convicted on a trial in County Court, Kings county, of the crime of manslaughter in the first degree. As he had shot down an unarmed man with no justifiable or excusable cause, it is quite likely that conviction of the lesser offense was a result of the long delay between the criminal act and the date of trial. This delay was caused by

† Affd., 266 N. Y. 647.

defendant's immediate flight and his successful concealment of his whereabouts for a period of about six years. There is no doubt concerning defendant's guilt. On appeal the argument is addressed to alleged errors in the charge with a somewhat general criticism in relation to the attitude and comments of the trial court, claimed to be prejudicial to defendant. Chiefly these alleged errors were not the subject of exceptions taken at the trial. Upon careful examination of the record, no material error affecting the substantial rights of the defendant can be found, whether the subject of an exception or otherwise. Lazansky, P. J., Hagarty, Carswell and Davis, JJ., concur; Tompkins, J., dissents and votes for reversal and a new trial with the following memorandum: It was error for the court to charge the jury that character witnesses were " interested witnesses " because of their friendship for the defendant and to charge, " You may consider as to whether friendship or interest leads a witness to go far afield in an effort to build up a defendant and his case." In *Berkowitz* v. *Schlanger* (70 Misc. 239), on appeal from a judgment in an action to recover damages for assault and battery, the Appellate Term quoted the trial judge as charging: " Now as to the parties who have been called here, certainly the plaintiff is an interested party to this litigation; likewise is the defendant and his wife; and his barkeeper is more or less interested. * * * They [the other witnesses] are friends of the defendant in this action, and it is your duty, in determining where the truth lies in this case, to carefully scrutinize all that interested testimony." The Appellate Term held that that charge was erroneous, stating: " The interest which the law recognizes as affecting credibility is that which is calculated to create bias or inclination of mind, founded on some such relation to the matter in controversy as will give rise to some possible pecuniary gain or loss from the event * * *. Tested by this standard, the witnesses [four character witnesses who were not members of the defendant's family] were not interested, and the charge was prejudicial to the defendant. The court should have charged that these witnesses were disinterested, as requested by defendant's counsel." In *People* v. *Viscio* (241 App. Div. 499) the Appellate Division, Third Department, on appeal from a judgment convicting defendant of the crime of arson in the second degree, said the trial court charged the jury that the defendant and his son were interested witnesses, and quoted from the charge as follows: " The defendant has testified here. Naturally, Gentlemen, he is interested in the outcome of this trial. It is your duty to place such credibility upon the testimony of this defendant's witnesses, the testimony of his son, as you may deem that credibility deserves. Take into consideration that he is interested and his son is interested, are interested witnesses in the outcome of this lawsuit. In believing and testing their testimony, place a keener test to the weight of their testimony than you would of some witness who is not at all interested in the outcome of this trial." The Appellate Division in reversing the defendant's conviction said: " The court seriously erred in the statement just quoted. A disinterested witness is not necessarily entitled to any more credit than an interested witness. The whole subject of the interest of the witness and its effect upon his testimony is for the jury." To the same effect is the decision of the Court of Appeals in the case of *People* v. *Gerdvine* (210 N. Y. 184). I think that the charge in the case at bar with reference to the interest of the witnesses was violative of the rule laid down by these cases and was calculated to give the jurors the impression that the testimony of these

character witnesses, because of their friendship with the defendant and their alleged " interest " in the case, should not be given the same credit as other witnesses who might not have been friends of the defendant. While the defendant was fortunate in escaping with a manslaughter conviction and may fare much worse on a new trial, that is not our concern, and I think it would be a mistake, by an affirmance of this judgment, to approve of that part of the charge to which I have alluded. Character witnesses, because of their friendship for a defendant, are not " interested witnesses." The fact of their friendship may, of course, be considered by the jury in passing upon their credibility, but their interest, if any, is a matter of fact to be passed upon by the jury and not charged as a proposition of law by the trial judge.