The People of the State of New York, Respondent, *v.* Bernard Raymond, Appellant.

First Department, November 27, 1936.

*Sol Tekulsky* of counsel [*Harry C. Kane* with him on the brief; *Hartman, Sheridan & Tekulsky*, attorneys], for the appellant.

*LeRoy Mandle, Deputy Assistant District Attorney*, of counsel [*William Copeland Dodge, District Attorney*], for the respondent.

Per Curiam. The defendant was indicted for the crime of forgery in the third degree in that, with intent to defraud, he had caused a false entry to be made in the cash book of a corporation of which he was the vice-president and treasurer. Both the making of the entry and its falsity were conceded by the defendant and the only issue to be tried related to the intent with which the entry was made. That question was entirely one of fact for the jury, with whose determination, under ordinary circumstances, we would not be disposed to interfere.

We cannot, however, permit the judgment to stand on account of the conduct of the trial judge, which rendered impossible anything in the nature of an impartial judicial inquiry. It would be difficult, within the scope of an opinion, to depict the condition of the record in this case. It is sufficient to say that from the beginning to the conclusion of the trial the presiding judge indicated to the jury as clearly as could be his opinion that the defendant was guilty of the crime charged. The record abounds in comments detrimental to the defendant made by the trial judge in the presence of the jury, in protracted examination and cross-examination of witnesses by the court tending to strengthen the prosecution and weaken the defense, culminating in a charge in which the contentions of the People are marshaled with emphasis while the defendant's contentions are mentioned only to be discredited. It is not contra-

dicted that in the course of the trial of this simple issue of fact the trial judge asked over sixteen hundred questions and in the presence of the jury made, approximately, seventy-five statements summarizing the evidence.

All these errors, without reference to others, require the reversal of the judgment of conviction and a new trial to be conducted in accordance with orderly procedure and settled principles of law.

Present — MARTIN, P. J., McAVOY, UNTERMYER, DORE and COHN, JJ.

Judgment unanimously reversed and a new trial granted.