THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LYNFORD
CLARK, Appellant.

Fourth Department, December 23, 1937.

*Francis T. Findlay*, for the appellant.

*Raymond A. Knowles, District Attorney*, for the respondent.

LEWIS, J.   In the determination of this appeal, which involves
the review of a record upon which the defendant has been found
guilty of attempted rape in the first degree, no useful purpose
will be served by recounting the sordid details of proof which have
led to his conviction.   It is enough to say that upon the evidence
before us the question of defendant's guilt of the particular crime
for which he has been convicted is close.   So close it is, in fact,
that the jury's verdict may well have been influenced by prejudicial
questions addressed by the district attorney to the defendant upon
recross-examination, the impropriety of which we cannot disregard
under section 542 of the Code of Criminal Procedure.

Whether an error affects the substantial rights of an accused " necessarily depends upon the nature of the case and the narrowness of the issue. Good judgment rather than definite rules of law must in such cases be our guide." (*People* v. *Purtell,* 243 N. Y. 273, 275.) Mindful of that rule and the fact that this case involves a crime of such a type that in its prosecution the prejudices of the jury against the defendant might have been easily provoked, we pass at once to a consideration of an incident in the trial which we conclude calls for a reversal of the judgment of conviction and a new trial.

The defendant, as a witness in his own behalf, had been subjected to a searching cross-examination by the district attorney. Thereafter, at the close of all the evidence, he was recalled by his counsel to answer two questions following rebuttal proof by the People. Then followed defendant's recross-examination by the district attorney which was in part as follows: " Q. Are you the man who sent her employer at the Gas Company, what purported to be a memorandum receipt that she paid a doctor for an abortion? Did you send that to her? A. No, sir. Q. Are you the fellow when she was up at the Hotel Niagara with another boy to a dance, that tucked under the windshield wiper of his car, a little envelope saying, ' For Mary,' with a couple of c—— [contraceptive appliances] in it? A. No, sir. Q. Are you the fellow who did that? A. No, sir. Q. Are you the fellow who, the night before last, appeared on her father's lawn and left a couple of c—— [contraceptive appliances] on his lawn? * * * A. No, sir."

The mere recital of these questions — containing as they do the implication that the defendant was guilty of the despicable conduct which they suggest — when considered with the fact that there is not a word of proof in the record to support the implication, is sufficient to condemn them as highly prejudicial to defendant's rights.

In the prosecution of a crime a verdict of guilt is not the sole objective. Justice requires that proof of the offender's guilt should be made by those means only which are fair to the accused and his rights under the law. It has been recently said: " ' We must give to any defendant the right to be tried for the crime with which he is charged, and upon evidence proving or tending to prove that crime, uninfluenced by irrelevant facts and circumstances which tend to prejudice or mislead the jury. Issues must be left clear, not smothered or in a haze.' " (*People* v. *Robinson,* 273 N. Y. 438, 446; *People* v. *Posner,* Id. 184, 190.) " Persistent repetition of improper questions tending to cast prejudice on a party defendant * * * discredit any verdict." (*Pedersen* v. *Union Ry. Co.,* 181 App. Div. 885.)

True it is that the trial judge in the case at hand instructed the jury in effect that they should give heed only to proved facts — the material evidence in the case. But as " admonition to disregard evidence which is stricken out is easy to give and hard to follow " (*People* v. *Robinson, supra,* pp. 445, 446), so the implication fairly to be drawn from questions addressed to a defendant by a prosecuting officer, such as those above quoted, may become indelible in the minds of the jurors.

Clearly the questions we are now considering were calculated to cast prejudice upon the defendant. And being addressed to him as the case closed the jury may well have entered upon their deliberations with the suggestion fresh in mind that the defendant had been guilty of behavior of a nature and quality which would at once arouse an unwarranted, hostile reaction against him — unwarranted because the implication which arose from the questions was wholly unsupported by proof.

The fact that the recross-examination which we now condemn was not challenged upon the trial by objection by defendant's counsel does not prevent us at this time from correcting what we believe to have been " manifest injustice." (*People* v. *Burgess,* 153 N. Y. 561, 575; *People* v. *Viscio,* 241 App. Div. 499, 503; *People* v. *Stiglin,* 238 id. 407, 420; Code Crim. Proc. § 527.)

The judgment of conviction should be reversed and a new trial granted.

All concur, except EDGCOMB, J., who dissents and votes for affirmance in a separate memorandum. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and CUNNINGHAM, JJ.

EDGCOMB, J. (dissenting). I concede that there was no justification, so far as the record shows, for asking the questions which are criticized in the majority opinion. I also recognize the wise and salutary rule that a defendant's guilt should be established only by such means as are fair to the accused. But I do not put the damaging effect upon these questions which has been placed upon them in the prevailing opinion. Defendant's counsel evidently did not think that they were particularly prejudicial at the time they were asked, for he sat quietly by and made no protest or objection. At no time, until the argument of this appeal, has the accused even suggested that the tendency of these questions was to misjudge him. If he did not consider them damaging at the time of the trial, I fail to see why an appellate court should emphasize their importance to such an extent as to upset a verdict which is fully sustained by the evidence. We are commanded by the statute (Code Crim. Proc. § 542) to disregard technical errors which

do not affect the substantial rights of the parties. Defendant's guilt has been so clearly established that I do not believe these improper questions caused the jury to view the defendant with a jaundiced eye. I favor an affirmance of the judgment of conviction.

Judgment of conviction reversed on the facts and a new trial granted.