THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BENJAMIN HERMAN, Appellant.

Second Department, November 4, 1938

*Clarence H. Seigle*, for the appellant.

*Henry J. Walsh, Assistant District Attorney* [*William F. X. Geoghan, District Attorney*, with him on the brief], for the respondent.

PER CURIAM. The defendant was convicted of the crime of carrying a dangerous weapon, as a felony. The revolver was not upon his person when he was arrested but the police testified that they had seen the weapon in the defendant's hand a few minutes earlier, and the gun was found in the hallway where the defendant

had been out of sight of the officers momentarily. Two other men were arrested at the same time but were later discharged. There is ample evidence to establish the defendant's guilt but the judgment must be reversed and a new trial granted for the reason that the defendant was deprived of a fair and impartial trial by the biased and prejudicial conduct of the judge presiding and because of errors in the charge. Regardless of guilt, even the criminal most deserving of punishment is entitled, under our system, to a fair and impartial trial.

It was claimed by the defendant that he had subpœnaed Perr, one of the men with him at the time of his arrest. Perr failed to appear; and after the proof of the service of the subpœna was offered by the defendant, the court stated: " Now, this calls for a ruling. The Court rules as a matter of law, in the absence of proof that the witness was subpœnaed for today, the Court is without jurisdiction to issue a warrant; but that the failure of the defense to subpœna Perr for today, thereby enabling the Court in the event of Perr's default, to issue a warrant for his arrest and bring him here, will require the Court to charge the jury at the proper time that failure to produce the witness Perr may be viewed as evidence of guilt on the part of the defendant."

To this statement exception was duly taken. Thereafter, the court modified its statement by saying that he would charge that if Perr were produced he would give evidence unfavorable to the defense and that that was the law. The defendant's counsel duly objected and asked for a mistrial. The motion was denied with the statement that " That point is elementary." In its charge the court repeated its error, stating that legally the two other men were naturally witnesses for the defense and that the jury was free to presume that if called the two witnesses would give testimony unfavorable to the defense. Both the statement quoted and the charge constitute reversible error. No such burden rests upon a defendant in a criminal case. (*People* v. *Dyle*, 21 N. Y. 578.)

In speaking of the interest of the defendant as a witness, the court charged that the defendant was not only interested but was under the strongest temptation to falsify and the jury should take that into consideration. This was an incorrect and prejudicial statement of the rule. (*People* v. *Crowley*, 102 N. Y. 234, 238; *Reagan* v. *United States*, 157 U. S. 301.)

Numerous prejudicial remarks that were uncalled for were made by the trial court. The defendant was referred to as a " Sing Sing graduate." Comment was made of the high position held by the court when he was the defendant's age — this to offset argument of the defendant's counsel based upon the youthfulness of the defend-

ant.   Other examples could be pointed out.   As this court recently stated in an appeal based upon similar grounds: " It has been said that, however strong may be the evidence against a defendant, a judgment of conviction should be reversed if the trial was not a fair one.   (*People* v. *Wolf*, 183 N. Y. 464.)   A fair trial is the fundamental requirement in a criminal prosecution.   (*People* v. *Becker*, 210 N. Y. 274, 311.)   The essential requirements of a fair trial are simple and easily observed.   The function of the trial court is to preserve scrupulously the legal rights of both the People and the accused and not to insure victory or defeat for either contestant. More important than any verdict or judgment are the legal principles which govern the fundamental rights of all.   This court should not countenance such a departure from those principles as this case discloses."   (*People* v. *De Martino*, 252 App. Div. 476, 480.)

The judgment and order should be reversed on the law and a new trial ordered.

LAZANSKY, P. J., HAGARTY, JOHNSTON, TAYLOR and CLOSE, JJ., concur.

Judgment of conviction of the County Court of Kings county and order denying motion to set aside the verdict reversed on the law and a new trial ordered.