■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER LATOSKI, Appellant.— Appeal from an order of the County Court, Kings County, denying a motion to dismiss an indictment. Appeal dismissed. The order herein is not appealable, and is reviewable only on an appeal from a judgment of conviction. (Code Crim. Pro., § 517; *People* v. *Young,* 264 App. Div. 747.) Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY OCHS, Appellant.— Appeal from a judgment of the County Court, Kings County, convicting appellant of robbery in the first degree. Judgment affirmed. In effect the court charged the jury that they are free to disbelieve appellant's testimony because he is less likely to tell the truth by reason of the fact that he is an interested witness and by reason of the fact that he was previously convicted of a crime. While this portion of the charge constituted error, nevertheless, since appellant's guilt was overwhelmingly established by the proof, it is our opinion that such error did not prejudice any substantial right of the appellant. Hence, the error may be disregarded (Code Crim. Pro., § 542). Wenzel, Beldock, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: Appellant testified in his own behalf, and gave evidence, which, if believed, would have established his innocence. In charging the jury with respect to the credibility of appellant's testimony, the County Judge stated that appellant was an interested witness, and that it had been his experience that "persons who have an interest in the case are perhaps less likely to tell the truth or, perhaps, to put it conversely, more likely to color or distort their testimony, or even to lie outright". He further charged, with respect to appellant's previous convictions of crime that "I can safely say that it is a matter of experience in the trial of criminal cases, that a person who has been previously convicted is, perhaps, less likely to tell the truth than a person who has had an unblemished record." This was serious error. Questions of credibility were for the jury to determine, and it was not likely that appellant's story would be believed after an instruction by the court as to its previous experience which indicated that a defendant, particularly one who had been previously convicted of a crime, was less likely to tell the truth than another witness. (Cf. *People* v. *Gerdvine,* 210 N. Y. 184; *People* v. *Viscio,* 241 App. Div. 499.) Such an error, which prevents proper consideration of a defendant's testimony, is substantial, and may not be disregarded, even though the People's evidence may seem to have been more than sufficient to establish guilt.