THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAMUEL PETER DOVICO, Appellant.

Fourth Department, November 12, 1958.

*Reginald P. Bigness* for appellant.

*Angus G. Saunders, District Attorney,* for respondent.

*Per Curiam.* About 3:00 A.M. on January 28, 1957, the Jefferson County Clerk's office was burglarized. Defendant Samuel Dovico and one Vincenzo Gallo were indicted for the crime and were tried together in the Jefferson County Court. At the close of the evidence the court dismissed the indictment as to Gallo and the jury found the defendant Dovico guilty of burglary, third degree and petit larceny.

The determination of appellant Dovico's guilt was entirely for the jury with whose verdict, in the light of the evidence in the record, we would not under ordinary circumstances be inclined to interfere. For many reasons we cannot permit this conviction to stand and, therefore, must order a new trial. From the first call of the case and continuing throughout the entire trial the court caused and permitted situations to occur which created an atmosphere of tension, bickering, conflict and confusion so prejudicial that it destroyed the basic elements of a fair trial. No good purpose can be served in reviewing all of the prejudicial incidents which so permeated the trial that they destroyed the balanced judgment and fairness which our system of jurisprudence so properly demands.

From the very beginning of the common law it has been recognized that a fair trial is one of the most basic and fundamental essentials of our judicial process and no matter how strong the evidence pointing to guilt a judgment of conviction must be reversed if the trial was not a fair one. As the court said in *People* v. *Becker* (210 N. Y. 274, 289): "the defendant certainly was entitled to a scrupulously fair and impartial trial where nothing should be done to prejudice his case or to obscure in the minds of the jurors the elemental question whether the evidence justified them in reaching the conclusion that he was guilty of the grave crime with which he was charged."

A wealth of decisions have proclaimed the same fundamental principle. To cite just a few: *People* v. *Jelke* (308 N. Y. 56, 63);

*People* v. *Mleczko* (298 N. Y. 153, 163) ; *People* v. *Ohanian* (245 N. Y. 227, 231, 232) ; *People* v. *Sobieskoda* (235 N. Y. 411, 420) ; *People* v. *Minkowitz* (220 N. Y. 399, 403) ; *People* v. *Wolf* (183 N. Y. 464, 472) ; *People* v. *Adler* (274 App. Div. 820) ; *People* v. *Herman* (255 App. Div. 314, 316) ; *People* v. *De Martino* (252 App. Div. 476, 478) ; *People* v. *Raymond* (249 App. Div. 121).

The judgment of conviction should be reversed and a new trial ordered in which there should not be a recurrence of the prejudicial atmosphere of the first trial.

All concur. Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

Judgment of conviction reversed on the law and facts and a new trial granted.