■ MARTHA PHILLIPS et al., Appellants, v. NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.— In an action by Martha Phillips to recover damages for personal injuries and by her husband for medical expenses and loss of services, the appeal is from a judgment entered on a dismissal of the complaint at the close of plaintiffs' case. The complaint alleged that respondent Brown carelessly descended a stairway maintained in a defective condition by respondent Transit Authority and slipped, striking the appellant wife who was in front of him on the stairway and causing her to fall to the bottom thereof. Judgment affirmed, without costs. No opinion. Beldock, Acting P. J., Murphy, Ughetta and Hallinan, JJ., concur; Kleinfeld, J., concurs in the affirmance of the judgment insofar as it is in favor of respondent Transit Authority against appellants, but dissents from the affirmance of said judgment insofar as it is in favor of respondent Brown against appellants, and votes to reverse that part of the judgment and to grant a new trial, with the following memorandum: In my opinion, it was improper to dismiss the complaint as against respondent Brown. The weight and probative effect of his admission that he "caused the accident" should be determined by the jury, not by the court (*Gangi* v. *Fradus,* 227 N. Y. 452). Moreover, the circumstances of this accident were such that the rationale of the *res ipsa loquitur* doctrine should be applied with respect to said respondent (cf. *Plumb* v. *Richmond Light & R. R. Co.,* 233 N. Y. 285; *Bressler* v. *New York R. T. Corp.,* 270 N. Y. 409).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VINCENT CURATOLO, Appellant.— Appeal from a judgment of the County Court, Nassau County, convicting appellant of burglary in the third degree and grand larceny in the first degree. Judgment reversed upon the law and the facts and a new trial ordered. In our opinion the trial court failed to charge the jury adequately and correctly. The court's failure generally to analyze the evidence so as to present to the jury fairly the conflicting claims of the People and the appellant, in all the phases in which the jury ought to consider the case, deprived the appellant of a fair trial and requires reversal in the interests of justice, even though no exception was taken to the charge (cf. *People* v. *Montesanto,* 236 N. Y. 396, 407; *People* v. *Odell,* 230 N. Y. 481, 488; *People* v. *Fanning,* 131 N. Y. 659, 663; *People* v. *Viscio,* 241 App. Div. 499, 502–503; Code Crim. Pro., § 527). In particular, the charge should have included a more extended reference to the law requiring corroboration of the testimony of an accomplice and to the proof on that question, which was one of the principal issues in the case. In addition, the charge as given failed to advise the jury that the corroborative proof necessary was such " as tends to connect the defendant with the commission of the crime " (Code Crim. Pro., § 399). There was also error in the charge on the subject of the weight to be given to the testimony of the appellant as an interested witness (cf. *People* v. *Ochs,* 3 N Y 2d 54, 57; *People* v. *Viscio, supra,* p. 502; *People* v. *Herman,* 255 App. Div. 314, 315). Further, the prosecutor should not have elicited proof that the accomplice had pleaded guilty to the charge which was the subject of inquiry (*People* v. *O'Regan,* 221 App. Div. 331, 333; *People* v. *Louise,* 242 App. Div. 471, 472; *People* v. *Harbor,* 258 App. Div. 1082; cf. *People* v. *Edwards,* 282 N. Y. 413, 416; *People* v. *De Vita,* 2 A D 2d 691). Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.